JOHN REIN, Plaintiff, *v.* ROBERT METRIK Co., INC., Defendant.

Supreme Court, Trial Term, Nassau County, May 17, 1951.

*Reed J. Murphy* for plaintiff.

*Simon Metrik* for defendant.

COLDEN, J.  This is an action to rescind a lease entered into by the parties on June 7, 1950, for the demise to the plaintiff of an apartment in a building that the defendant was constructing, the term to commence on October 1, 1950, and to end on March 30, 1953.  Plaintiff also seeks to recover the sum of $259 paid by him in advance, $74 of which was the first month's rent and $185 security for the full and faithful performance by the tenant of all the terms, covenants and conditions of the lease upon his part to be performed.

The proof shows that the defendant, through its representative, knew that the plaintiff was to be married in October, 1950, and required the use of the apartment for that date and that the plaintiff was assured that the apartment would be ready. The plaintiff inquired in the early part of October, 1950, when his apartment would be ready for occupancy and was told it would take about five or six weeks and in no event later than January 1, 1951. However the apartment was not ready for him at that time. Thereafter in response to a notice to call at the office of the defendant to select decorating colors for the apartment, he was informed that it would not be ready for his occupancy until after March 1, 1951. Thereupon the plaintiff elected to rescind the contract of lease and demanded the return of the money which was refused.

In resisting recovery by the plaintiff, the defendant rests its case upon a paragraph in the lease which so far as applicable reads as follows: " 21. If landlord shall be unable to give possession of the demised premises on the date of the commencement of the term hereof by reason of the fact that the premises are located in a building being constructed and which has not been sufficiently completed to make the premises ready for occupancy or by reason of the fact that a certificate of occupancy has not been procured or for any other reason, Landlord shall not be subject to any liability for the failure to give possession on said date. Under such circumstances the rent reserved and covenanted to be paid herein shall not commence until the possession of demised premises is given or the premises are available for occupancy by Tenant, and no such failure to give possession on the date of commencement of the term shall in any wise affect the validity of this lease or the obligations of Tenant hereunder, nor shall same be construed in any wise to extend the term of this lease."

The plaintiff argues that if the foregoing paragraph in the lease is to be construed strictly as urged by the defendant, the landlord would not be obliged to perform at any time during the term demised and furnish the sole consideration for the contract, namely, the occupancy of the apartment for a two and one-half year term and that, therefore, this provision must fall for lack of mutuality of obligation. While the court is unable to agree with this construction of the paragraph in question, it is of the opinion that implicit therein is a promise by the landlord to give to the plaintiff possession of the premises on the date fixed in the lease or within a reasonable time thereafter unless factors beyond its control made that impossible. As was

stated in *Wood* v. *Duff-Gordon* (222 N. Y. 88, 91) : " A promise may be lacking, and yet the whole writing may be ' instinct with an obligation,' imperfectly expressed ".

We have here a situation wherein a tenant has been deprived of a substantial part of the term for which he leased his apartment — a sixth of the entire term. To construe the contract strictly as urged by the defendant would impair the right of the plaintiff to receive the fruits of his bargain. The defendant offered no affirmative proof of diligence in completing the building, nor any competent evidence justifying or excusing the delay to place the plaintiff in possession of the apartment after repeated promises by its representative that such apartment would be available at a particular time. Under these circumstances, the court finds that the delay was unreasonable and deprived the plaintiff of substantial benefits under the contract. As was stated in *Price* v. *Spielman Motor Sales Co.* (261 App. Div. 626, 629) : " ' Though a court balks at making a contract for the parties, it will, where justice and expediency demand, infuse the contract with a spirit of good faith and fair dealing ' ".

Judgment is accordingly granted in favor of the plaintiff as prayed for in the complaint, with costs. Settle judgment on notice.