Per Curiam.

Appellant landlord appeals from a determination in the Civil Court of the City of New York wherein plaintiff was awarded summary judgment in the amount of $1,030, that sum representing a month’s rent and security paid pursuant to the lease agreement entered into by the parties.
The litigation arises solely from the landlord’s inability to deliver possession on the date specified in the lease. Section 223-a of the Real Property Law implies a condition to deliver possession on the specified date, absent an express agreement entered into by the parties to the contrary. This lease contains such an agreement, standard in form. Paragraph 21 exculpates the defendant from liability where its failure to give possession is due to the incompletion of a building under construction. In addition, the lease was to remain effective postponing payment of rent until possession was actually delivered. Such a clause, if strictly enforced, would cause extreme hardship and the most undesirable results. The law, in such cases, properly engrafts a rule of reason upon such clauses in order that they do not, *451 contrary to the intention of the parties, become arbitrary and unreasonable. Implicit in this standard exculpation clause, therefore, is a promise to deliver possession on the date fixed by the lease or within a reasonable time thereafter unless factors beyond the landlord’s control make that event impossible. (See Rein v. Metrik Co., 200 Misc. 231, construing a similar provision.) Such an interpretation creates no objectionable results and is consonant with the parties’ freedom to contract as indicated by section 223-a of the Real Property Law.
In opposition to the motion, defendant offered no proof by documentary evidence or otherwise to adequately demonstrate the existence of mitigating circumstances or show that the alleged factors were, indeed, beyond its control. Bald conclusory assertions of defendant, even if believable, are not sufficient to defeat the right.to recovery. (Ehrlich v. American Moninger Greenhouse Mfg. Corp., 26 N Y 2d 255, 259.) Thus the fact remains that the premises was untenantable until November 28, 1969 when the certificate of occupancy was finally issued. Clearly, as a matter of law, delivery of possession could not be effected within a reasonable time. More than eight months had elapsed from the occupancy date fixed by the lease and one fifth of the demised term had expired. Plaintiff was justified in pursuing his appropriate legal remedies.
His complaint, however, was originally framed in negligence and the court below, to effect a proper remedy, treated the complaint as pleading a cause of action for money had and received. Such a construction was proper in theory and consonant with the philosophy of the Civil Practice Law and Rules (CPLR 3025, 3026). Defendant suffered no surprise nor was its defense to this action thereby prejudiced.
We conclude that the determination of the court below, as appealed from, be affirmed in all respects.
The judgment and order should be affirmed, with $10 costs.
Concur — Lopmro, J. P., Streit and Gold, JJ.
Judgment and order affirmed, etc.