■ Fox Paper Ltd., Respondent, v Aaron Schwarzman, Appellant.—In an action to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated April 4, 1989, which denied his motion for summary judgment dismissing the complaint and for summary judgment as to liability in his favor on his counterclaims.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted to the extent that the complaint is dismissed and plaintiff is adjudged to be in breach of a lease dated November 6, 1986, and the matter is remitted to the Supreme Court, Kings County, for trial on the issue of damages, if any, on the counterclaims.

In November 1986 the plaintiff and the defendant entered into a lease whereby the plaintiff was to rent a certain warehouse space from the defendant at a fixed annual rental of $50,000, payable in monthly installments. According to one of the form lease's opening paragraphs, the five-year term of the lease was to have commenced on December 1, 1986. Paragraph 23 of the form lease, which, by its terms was included as "an express provision to the contrary" to the covenant to deliver possession otherwise implied by statute (see, Real Property Law § 223-a), provided that the defendant was not subject to liability for failure to give possession at commencement of the term, nor was such a failure to be construed as an extension of the term, but rent was to be abated until the defendant gave the plaintiff written notice that the premises were substantially ready for occupancy. By virtue of paragraph 50, contained in a specially-drafted rider, the defendant was obligated to replace certain beams and "lolly columns", and by virtue of paragraph 53 (a), added by the plaintiff's attorney, "[a]nything hereinbefore contained to the contrary notwithstanding [t]he term of the lease shall not commence until the work required under paragraph 50 of this Rider is completed". Moreover, according to the form provisions of the lease, a failure by the plaintiff to take possession of the premises within 15 days of commencement of the term constituted a breach by the plaintiff, thus rendering it liable in damages pursuant to the "Remedies of Owner" clause, inter alia, for any rent deficiencies and costs of reletting. Upon execution of the lease, the plaintiff paid the defendant a $12,500 security deposit and one month's advance rent.

Replacement of the beams and "lolly columns" was not completed by December 1, 1986, and the defendant was thereafter advised by his contractor that the work would take 4 to

6 weeks. On December 31, 1986, the defendant advised the plaintiff that the work would take approximately 10 more days. However, by letter dated January 15, 1987, the plaintiff's attorney advised the defendant that it was terminating the lease on account of the defendant's failure to deliver possession. By letter dated January 19, 1987, the defendant's attorney advised the plaintiff that the defendant's work was completed on or prior to January 16, 1987.

The plaintiff commenced this action seeking return of the moneys it advanced upon execution of the lease and damages representing start up costs, lost profits, and increased expenses because of the failure to deliver possession on December 1, 1986. The defendant, alleging that the plaintiff breached the lease by failing to take possession, counterclaimed for rent due under the lease and for various costs and expenses. The Supreme Court denied the defendant's motion for summary judgment, ruling that, although paragraph 23 of the lease absolved the defendant from liability for failure to deliver possession at the commencement of the term, the plaintiff was nonetheless entitled to possession within a reasonable time thereafter and a question of fact existed as to what constituted a reasonable time *(see, e.g., Hartwig v 6465 Realty Co.,* 67 Misc 2d 450). We reverse.

Interpretation of a lease is governed by the same rules as are applicable to contracts generally, and, where the intent of the parties is unambiguously set forth in a written agreement, the court will concern itself with the parties' intent only insofar as it may be discerned from the four corners of the document *(see, Tantleff v Truscelli,* 110 AD2d 240, 244, *affd* 69 NY2d 769). Moreover, the proper aim of the court, which may not rewrite the contract, is to arrive at a construction which will give meaning to all of the language employed by the parties *(see, Tantleff v Truscelli, supra).* In this case, although the lease at the outset recites that the term is to commence on December 1, 1986, and although the exculpation clause set forth in paragraph 23 might contain an implied promise to in any event deliver possession within a reasonable time after commencement of the term *(see, Hartwig v 6465 Realty Co., supra),* paragraph 53 (a) which was specially drafted by the plaintiff's attorney, clearly sets forth that "[a]nything herein before contained to the contrary notwithstanding", the term was not to "commence until the work required under paragraph 50 of this rider is completed". The parties thus expressed their intent that delay in completion of the defendant's work would do more than simply abate the obligation

to pay rent as set forth in paragraph 23. It would effectively extend the term of the lease to five years after completion of that particular work, thus also extending the time from which the defendant's obligation to deliver possession would be measured.

The undisputed facts demonstrate that the plaintiff "terminated" the lease for failure to fulfill an obligation that had not yet arisen and that, because the defendant committed no breach, he is entitled to dismissal of the complaint. Those same facts also demonstrate that the plaintiff's purported termination of the lease, tantamount to a refusal to take possession upon or after commencement of the term, constituted a breach by it of the lease, thus entitling the defendant to summary judgment on his counterclaims to the extent that the plaintiff is adjudged to be in breach of the lease. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.