Court, Hunt, J.—Child Abuse.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.

■ JAMES REDA et al., Appellants, v EASTMAN KODAK COMPANY et al., Respondents. (Appeal No. 1.) [649 NYS2d 899] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.*, 147 AD2d 977). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Breach of Contract.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.

■ JAMES REDA et al., Appellants, v EASTMAN KODAK COMPANY et al., Respondents. (Appeal No. 2.) [649 NYS2d 555] —Amended judgment unanimously affirmed without costs. Memorandum: Plaintiffs are former managers of a venture known as Videk. They commenced this action for defendants' alleged breach of an agreement, the "Long Term Incentive Plan" (LTIP), established by defendant Eastman Kodak Company (Kodak) to encourage the efforts of key managers of Videk and other ventures set up as unincorporated divisions of defendant Eastman Technology, Inc. (ETI), a subsidiary of Kodak. Plaintiffs seek payment under paragraph 9.02 of the LTIP, known as the merger clause. They contend that a payout under the merger clause was triggered when Videk was removed from ETI and merged into Kodak's main organizational structure. Defendants contend that plaintiffs are not entitled to a payout under the merger clause because Videk was not merged into Kodak and, in any event, was not financially successful, a condition of any payout under the LTIP.

Plaintiffs appeal from an amended judgment, entered following a bench trial, dismissing the complaint. Plaintiffs contend that the conditions for a payout were satisfied and that, in any event, defendants should be estopped from denying the occurrence of those triggering events.

A threshold issue is whether the LTIP conditioned a payout under paragraph 9.02 upon Videk's achieving financial success. We conclude that the LTIP imposed a success standard. In contending otherwise, plaintiffs read paragraph 9.02 too narrowly and in isolation from the remainder of the agreement. When interpreting a written contract, the court should give effect to the intent of the parties as revealed by the language and structure of the contract (*see, Breed v Insurance Co.*, 46 NY2d 351, 355, *rearg denied* 46 NY2d 940), and should ascertain such intent by examining the document as a whole (*see, Williams Press v State of New York*, 37 NY2d 434, 440).