■ ROBERT MCERLEAN, Respondent, v NORMAN M. MENDELSON, Appellant, et al., Defendant. [681 NYS2d 595] —In an action, *inter alia,* to recover damages for breach of an escrow agreement, the defendant Norman M. Mendelson appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated July 2, 1997, as denied his cross motion to enforce an attorney's lien upon the funds that he held in an attorney's escrow account and granted the plaintiff's motion to direct him to deposit the money in this account into court.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that counsel for the appellant and the respondent are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and his attorney pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or af-

fidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before January 15, 1999.

The defendant Norman M. Mendelson, an attorney, drafted a contract dated August 20, 1993, for the sale of a parcel of real property by his purported client (an already-dissolved corporation known as The Pilot House [hereinafter Pilot]) to the plaintiff, Robert McErlean. Pursuant to the escrow provisions of this contract, Mendelson was to deposit McErlean's $50,000 down payment into his escrow account until the closing of title, when he would pay it to Pilot, or, if the sale was not consummated, he could turn the money over to the court in order to avoid any liability therefor. When the sale fell through because Mendelson, on behalf of Pilot, failed to complete any of the conditions precedent, McErlean requested the return of his down payment. Mendelson did not return the down payment and McErlean commenced this action, *inter alia*, to recover the down payment. Mendelson hired his son, who is also an attorney, at a rate of $220 an hour, to defend him in this action. McErlean moved to direct Mendelson to deposit the funds into court. Mendelson opposed the motion, and cross-moved to impose an attorney's lien upon the escrow account to reimburse him for his recently-accrued legal fees. The court granted McErlean's motion and denied Mendelson's cross motion, and Mendelson has appealed.

In interpreting a contract, a court must endeavor to arrive at a practical interpretation of the intention of the parties as expressed in *all* of the language employed in the contract, with an eye to the parties' reasonable expectations (*see, e.g., Reda v Eastman Kodak Co.,* 233 AD2d 914; *Joseph v Creek & Pines,* 217 AD2d 534; *Fox Paper v Schwarzman,* 168 AD2d 604). Clearly, here the parties did not intend the escrow agent to drain the escrow account by hiring a lawyer to resist the buyer's legitimate efforts to reclaim his deposit.

In opposing the plaintiff's attempts to compel the deposit of his down payment into court, Mendelson had in fact no legitimate interests to protect. Mendelson's duties as escrow agent under the terms of the contract that he himself drafted did not include resisting the buyer's proper claim for reimbursement.

We find, under the circumstances of this case, that the appeal is frivolous, and accordingly, the counsel for the appellant and the respondent are directed to submit affirmations or affidavits on the issue of whether the imposition of sanctions and/or costs against the appellant and his attorney is warranted under the circumstances of this case. Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.