◼ Danya C. McErlean et al., Respondents, v Norman M. Mendelson, Appellant, et al., Defendant. [684 NYS2d 906] —In an appeal by the defendant Norman M. Mendelson from an order of the Supreme Court, Richmond County, dated July 26, 1997, which was determined by decision and order of this Court dated December 14, 1998, counsel for the appellant and the respondents were directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and his attorney pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate (*McErlean v Mendelson,* 256 AD2d 391).

On the Court's own motion and on the papers filed in opposition and relation thereto, it is

Ordered that within 20 days after service upon them of a copy of this decision and order with notice of entry, Norman M. Mendelson and Lee J. Mendelson are directed to each personally pay a sanction in the amount of $1,000 to the Lawyers' Fund for Client Protection established pursuant to State Finance Law § 97-t; and it is further,

Ordered that the Clerk of the Supreme Court, Richmond County, shall enter judgment accordingly (*see,* 22 NYCRR 130-1.2).

The defendant attorney Norman M. Mendelson, through his son Lee J. Mendelson, also an attorney, used the New York State court system to retain $50,000 that did not belong to him. For more than five years, Norman M. Mendelson, as the agent of a nonexistent corporation, retained the plaintiff's money without authority—and one of those years was gained by pursuing this frivolous appeal. In addition, Norman M. Mendelson harassed the plaintiff by forcing him to repeatedly litigate an issue which "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; *see, McErlean v Mendelson, supra*). Accordingly, the imposition of sanctions upon both Norman M. Mendelson and Lee J. Mendelson is appropriate. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.