■ JOHN D. SOZIO, Respondent, v EXHIBITGROUP/GILTSPUR, a Division of VIAD CORPORATION, Appellant. [765 NYS2d 393] —Appeal from an order of Supreme Court, Monroe County (Stander, J.), entered September 18, 2002, which, inter alia, granted plaintiff's motion for summary judgment on the first cause of action for breach of contract.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: After purchasing plaintiff's company, defendant entered into an employment agreement with plaintiff for an initial term of three years. Section 7.1 of the agreement provided that defendant could terminate plaintiff's employment at any time without prior notice for any one of four specified causes. Section 7.2 of the agreement provided that, after the initial term, either party could terminate the employment without cause upon 30 days' written notice. Section 7.3 provided that certain other provisions in the agreement would not be extinguished upon termination of plaintiff's employment. Sections 7.4 and 7.5 specified the terms of plaintiff's compensation, depending on whether plaintiff's employment was terminated for one of the four specified causes or without cause. Two years into the initial three-year term, defendant terminated plaintiff's employment without cause as part of a corporate restructuring. Plaintiff commenced this action asserting, inter alia, a cause of action for breach of contract, and subsequently moved for summary judgment on that cause of action. Defendant cross-moved, inter alia, for summary judgment dismissing that cause of action. Supreme Court properly granted plaintiff's motion and denied that part of defendant's cross motion.

Contrary to defendant's contention, the court did not err in interpreting the agreement (*see generally Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554-555 [1982]). In determining that the agreement did not permit defendant to terminate plaintiff without cause during the initial three-year term of the agreement, the court properly ascertained the intent of the parties by examining the agreement as a whole, giving effect to every term therein and making reasonable efforts to harmonize the terms (*see Village of Hamburg v American Ref-Fuel Co. of*

*Niagara,* 284 AD2d 85, 89 [2001], *lv denied* 97 NY2d 603 [2001]; *Reda v Eastman Kodak Co.* [appeal No. 2], 233 AD2d 914, 914-915 [1996]). We agree with the court that defendant's interpretation of the agreement—that defendant could terminate plaintiff's employment without cause at any time pursuant to the language "for any reason" in section 7.5—renders sections 7.1 and 7.2 of the agreement meaningless. Moreover, defendant's interpretation nullifies the purpose of entering into an employment agreement for a stated period of years (*see American Ref-Fuel Co. of Niagara,* 284 AD2d at 89; *Reda,* 233 AD2d at 915). In addition, sections 7.1 and 7.2 contain clauses granting defendant the power to terminate, using language such as "[e]mployer may terminate" and "either party may terminate," while section 7.5, relied on by defendant, contains no such clauses. We decline to read such clauses into section 7.5 (*see generally Rooney v Tyson,* 91 NY2d 685, 689 [1998]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.