■ ANDREW C. PALERMO III, Appellant, v SANDRA J. PALERMO, Respondent. [824 NYS2d 654]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), dated July 7, 2004, as, after a nonjury trial, equitably distributed only 60% of the marital assets to him and 40% of the marital assets to the defendant, and directed that the marital residence be sold and the net proceeds distributed through equitable distribution, and (2) from an order of the same court dated November 19, 2004 which denied his motion pursuant to CPLR 4404 (b) to set aside stated portions of a decision of the same court dated January 30, 2004 made after the trial.

Ordered that the judgment is modified, on the law and the facts, by adding to the sixth decretal paragraph thereof directing that the marital residence be sold and the net proceeds distributed through equitable distribution the words "or at the plaintiff's option, the plaintiff shall purchase the defendant's equitable share in the marital home in the sum of $69,081.29, within 90 days, by tendering cash or its equivalent to the defendant or her representative in the sum of $69,081.29, in exchange for a deed to the property in the same form as the deed currently held by the parties conveying fee simple interest in the marital residence to the plaintiff"; as so modified, the judgment is affirmed insofar as appealed from, the motion is granted, and the order dated November 19, 2004 is modified accordingly; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,

Ordered that the time for the plaintiff to exercise his option to purchase the defendant's equitable share in the marital home shall run from the date of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in determining that the defendant was entitled to an equitable share of 40% of the marital assets (*see* Domestic Relations Law § 236 [B] [5] [d]; *Sebag v Sebag*, 294 AD2d 560 [2002]).

However, the Supreme Court erred in directing that the marital residence be sold and the net proceeds distributed through equitable distribution. A month after the commencement of the divorce action, the parties, who were childless after a 5$^{1}$/$_2$-year marriage, entered into a written stipulation affecting the marital residence. The parties agreed that the defendant was to vacate the marital residence, taking with her all of her personal property, and that the plaintiff would have exclusive occupancy of the marital residence and assume sole responsibility for the mortgage and other expenses associated with its maintenance. The stipulation also provided that the value of the house "shall be fixed at $440,000 and the principal balance remaining on the mortgage is $220,000." The stipulation did not, however, make a specific disposition of the marital premises. With respect to the distribution of the marital residence, the court determined that the plaintiff was entitled to a credit in the sum of $47,296.77, representing the value of his separate property interest therein.

In interpreting a contract, a court should aim "to arrive at a practical interpretation of the intention of the parties as expressed in *all* of the language employed in the contract, with an eye to the parties' reasonable expectations" (*McErlean v Mendelson*, 256 AD2d 391, 392 [1998]), and which does not leave contractual clauses meaningless (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]; *McErlean v Mendelson, supra; Reda v Eastman Kodak Co.*, 233 AD2d 914 [1996]; *Joseph v Creek & Pines*, 217 AD2d 534 [1995]; *Fox Paper v Schwarzman*, 168 AD2d 604, 605 [1990]). Applying this general principle, the only fair interpretation of the stipulation is that the parties intended that the plaintiff buy out the defendant's equitable share of the marital residence after the court made its determination of their respective distributive shares of the marital estate. Had the parties intended that the marital residence be sold on the open market, there would have been no reason for them to fix the value of the home at $440,000 shortly after the commencement of the action. Moreover, a contrary interpretation would render key provisions of the stipulation meaningless under the circumstances of this case.

Accordingly, the plaintiff should have been afforded the opportunity to buy out the defendant's share in the marital resi-

dence in the sum of $69,081.29, representing 40% of the net value of the marital residence after deducting the outstanding principal balance on the mortgage at the time of the stipulation in the sum of $220,000, and the value of the plaintiff's separate property interest in the marital residence in the sum of $47,296.77. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.