■ BG Records, Respondent, v Jack Ancona, Appellant, et al., Defendant. [898 NYS2d 20]—

Order, Supreme Court, New York County (Herman Cahn, J.H.O.), entered on or about February 18, 2009, which, insofar as appealed from as limited by the briefs, in an action arising out of a breach of a commercial lease, after a nonjury trial, awarded judgment to plaintiff in the principal amount of $54,000 and dismissed defendant Ancona's counterclaims, unanimously reversed, on the law, without costs, the complaint dismissed, and judgment awarded to defendant on his counterclaim for rent in the amount of $18,000. The Clerk is directed to enter judgment accordingly.

In finding that plaintiff was entitled to rescission of its lease pursuant to Real Property Law § 223-a, the court overlooked the language of the lease that specifically excepted that statute, and provided that, in the event that defendant was unable to deliver possession, plaintiff was entitled to a rent abatement and not the cancellation of the lease. Accordingly, plaintiff's abandonment of the premises upon learning that a prior tenant claimed legal title thereto constituted a breach of the lease, entitling Ancona to damages (*see Fox Paper v Schwarzman*, 168 AD2d 604 [1990]).

Ancona did not provide documentation of the expenses for which he counterclaimed, and acknowledged that it was not until the end of the third month of the one-year lease that he completed the renovations that allowed the basement space in question to be legally rented as a separate unit and obtained a formal release of all claims to the space from the prior tenant. He is therefore awarded only the amount of rent for the nine-month period remaining on the lease ($54,000), minus the amount that was prepaid by the tenant ($36,000) (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 134 [1995]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.