# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**952**

**CA 14-00366**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

ONEBEACON INSURANCE COMPANY,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

UNILAND PARTNERSHIP OF DELAWARE, L.P.,
DEFENDANT-RESPONDENT-APPELLANT.

---

COLUCCI & GALLAHER, P.C., BUFFALO (RYAN L. GELLMAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

HOGAN WILLIG, PLLC, AMHERST (ROBERT W. MICHALAK OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment (denominated order) of
the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May
20, 2013.  The judgment denied defendant's motion for summary judgment
and denied plaintiff's cross motion for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting plaintiff's cross motion
and granting judgment in favor of plaintiff as follows:

It is ADJUDGED and DECLARED that plaintiff properly
exercised the early termination provision in the lease and
terminated the lease as of February 28, 2011

and as modified the judgment is affirmed without costs.

Memorandum:  Plaintiff appeals and defendant cross-appeals from a
judgment that denied defendant's motion seeking, inter alia, partial
summary judgment on liability on its counterclaim and denied
plaintiff's cross motion for summary judgment seeking a declaration in
its favor.  Plaintiff and defendant entered into a lease agreement,
whereby plaintiff leased from defendant commercial office space.  The
lease contained an early termination provision.  The parties entered
into a first amendment to the lease on July 30, 2003 and a second
amendment to the lease on October 31, 2005.  We agree with plaintiff
that it properly exercised its early termination rights under the
lease, and that Supreme Court thus erred in denying plaintiff's cross
motion seeking a declaration to that effect.  We therefore modify the
judgment accordingly.

We reject defendant's contention that the second amendment to the

lease redefined the lease term and commencement date such that plaintiff prematurely exercised its early termination rights.  We must examine the lease and second amendment to the lease as a whole, "giv[ing] effect to the intent of the parties as revealed by the language and structure of [both]" (*Reda v Eastman Kodak Co.* [appeal No. 2], 233 AD2d 914, 914).  Upon our review of those documents, we conclude that the lease as amended is not " 'reasonably susceptible of more than one interpretation' " and thus is not ambiguous (*McCabe v Witteveen*, 34 AD3d 652, 654, quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 573).  Here, the primary purpose of the second amendment to the lease, as expressed in the third "Whereas" clause, was to increase the square footage that plaintiff leased from defendant.  The sections relied on by defendant in support of its contention that the second amendment redefined the lease term and commencement date merely set forth the date by which plaintiff paid additional rent for occupying the increased square footage.  Indeed, the second amendment to the lease contained the same lease termination date as the original lease. Thus, we conclude that a fair and reasonable interpretation of the parties' intent in entering into the second amendment to the lease was to increase the square footage and not to alter the lease term or the early termination date (*see Matter of Cromwell Towers Redevelopment Co. v City of Yonkers*, 41 NY2d 1, 6).

Entered:  October 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court