Lewis v Berger (2024 NY Slip Op 51081(U))

[*1]

Lewis v Berger

2024 NY Slip Op 51081(U)

Decided on August 21, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2024
Supreme Court, Kings County

Rita Lewis, Plaintiff,

against
Jack Berger and EDWARD DELLI PAOLI, Esq., Stakeholder Agent, Defendants.

Index No. 500175/2023

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 51-64, 82-95.
Upon the foregoing papers, and having heard oral argument and due deliberation having been had [FN1]
,
It is hereby ORDERED as follows:
This action arises from an event that transpired when Plaintiff Rita Lewis ("Plaintiff Lewis" or "Lewis") retained Edward Delli Paoli, Esq. ("Paoli") to complete the sale of 9302 Avenue B, Brooklyn, New York, to Defendant Jack Berger ("Defendant Berger" or "Berger") pursuant to a contract signed on April 24, 2017 for $750,000, with Plaintiff Lewis holding a $650,000 purchase money mortgage. When Plaintiff Lewis initially executed the contract, she retained Elliot S. Schubin, Esq. ("Schubin"). Later though, she reached out to accountant Jerome Green, who referred her to Paoli to complete the transaction. 
Plaintiff Lewis initially entered into a contract to sell two properties: (1) 9302 Avenue B, Brooklyn, New York ("9302"), and (2) 9214 Avenue B, Brooklyn, New York ("9214"). The sale of 9214 was contingent on the sale of 9302 taking place, but Plaintiff Lewis was never told by Schubin about the terms of the sale of 9214. Moreover, Plaintiff Lewis was unable to sell 9302 because ownership of 9302 held by Avenue B Christian Center, Inc. a not-for-profit entity. As stated by the Office of the New York State Attorney General Charities Bureau, "Because of the important and unique role and responsibility of not-for-profit corporations in the lives of our citizens and communities, and because of their legal responsibility to safeguard their assets and provide for the interests of their members and beneficiaries, the law requires the court's or the Attorney General's approval of certain transactions by such corporations" (Office of the New York State Attorney General Charities Bureau: A Guide to Sales and Other Disposition of Assets By Not-For-Profit Corporations). Donna Cole Paul, Assistant Attorney General, declined to approve the contract of sale between the non-profit and Defendant Berger, and Berger's $100,000 contract deposit for 9302 was returned to him. Schubin had not disclosed to Plaintiff Lewis that 9302 required court approval. In 2018, a closing was held for 9214, in which Plaintiff Lewis did have title, and $50,000 of Defendant Berger's purchase price payable to Lewis was placed in escrow with Schubin (later transferred to Paoli to hold in escrow) pursuant to an escrow agreement.
The escrow agreement provided that Schubin would hold in escrow $50,000 from the sale of 9214 pending the sale of 9302.[FN2]
The escrow agreement further provided that upon failure to close on the property located at 9302 prior to March 16, 2019, the $50,000 escrow would be released to Defendant Berger or as directed by Defendant Berger. The escrow agreement included the following information: the names of the parties; the addresses of the two properties; the escrow amount; the date until which the escrow amount was to be held; and any action that would be taken upon failure to close on the two properties. Specifically, the escrow agreement (NYSCEF Doc No. 59) reads as follows:
I, ELLIOT S. SCHUBIN, ESQ. will hold in escrow from the sale of 9214 Avenue B, Brooklyn, New York the amount of $50,000.00 until March 16, 2019 pending the sale of 9302 Avenue B, Brooklyn, New York to Jack Berger, or an entity controlled by him.
Upon failure to close on the property located at 9302 Avenue B, Brooklyn, New York prior to March 16, 2019 the $50,000.00 escrow will be released to Jack Berger or as directed by Mr. Berger.
The purchase price for 9214 Avenue B and associated business will be deemed fully paid and regardless of disposition of the funds held for this agreement.
For avoidance of doubt, all funds held pursuant to this agreement are unrelated to funds held pursuant to the agreement relating to 9302 Avenue B.
Should the closing of 9302 Avenue B, take place after the release of the funds to Mr. Berger then Mr. Berger will give an additional $50,000.00 to the purchase price of 9302 Avenue B.
Defendant Berger filed the present motion seeking summary judgment on the issue of returning to him his $50,000 held in escrow since a closing was never held for 9302. Defendant Berger's motion also seeks sanctions and "other and further relief." At oral argument, Defendant Berger's counsel stated that he was, at that time, seeking only the return of the $50,000.
Plaintiff Lewis filed opposition to the present motion. In said opposition, Plaintiff Lewis argued that the contract of sale was illusory because Plaintiff never held title to 9302 and was therefore unable to sell it. Plaintiff further argued that since this was an illusory agreement, the escrow agreement would not apply. Finally, the $50,000.00 came from the sale of 9214, which did close, so that money belongs to Plaintiff Lewis, according to her.
An illusory contract is " '[a]n agreement in which one party gives as consideration a promise that is so insubstantial as to impose no obligation' ", and is unenforceable (Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 684 [2017]). While provisions concerning the sale of 9302 may have been illusory since Plaintiff Lewis did not own it, the escrow agreement constituted a binding supplemental contract concerning 9214. In effect, it modified the original terms of sale of 9214 and created an incentive for Plaintiff Lewis to use best efforts to seek approval for 
9302's sale by the Attorney General. And, if 9302 never went to sale, then the price of 9214, in effect, was reduced by $50,000. After all, Defendant Berger's intention was to engage in a joint purchase of both properties. The consideration in the escrow agreement can be viewed as Plaintiff Lewis' eventual retention of the $50,000 price reduction in exchange for work performed by her toward obtaining the Attorney General's approval so that 9302 could be sold to Berger. Or the consideration could have been as simple as a price reduction for Defendant Berger to compensate him for his troubles in negotiating to purchase 9302 while all the time Lewis lacked ownership as she claimed.
" 'Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms' " (Scialo v Sheridan Electric, Ltd., 153 AD3d 1294, 1294 [2d Dept 2017]). Moreover, "in interpreting a contract, a court must endeavor to arrive at a practical interpretation of the intention of the parties as expressed in all the language employed in the contract, with an eye to the parties' reasonable expectations" (McErlean v Mendelson, 256 AD2d 391, 392 [2d Dept 1998]). In the McErlean case, "the parties did not intend the escrow agent to drain the escrow account by hiring a lawyer to resist the buyer's legitimate efforts to reclaim his deposit" (id.), so the Appellate Division honored the plain language of that agreement.
Here, the escrow agreement plainly set out the terms of the contract in an unambiguous manner. Applying the plain language of the contract to the issue presented here, the $50,000 amount in escrow should be returned to Defendant Berger because a closing on a sale of 
9302 to him never took place by March 16, 2019. Thus, Defendant Berger's motion for summary judgment must be granted to the extent of ordering the escrow holder, Paoli, to return Defendant Berger's $50,000 held in escrow.
Accordingly, Defendant Jack Berger's motion for summary judgment is GRANTED to the extent of ordering the escrow holder, Defendant Edward Delli Paoli, Esq., to return to Defendant Jack Berger the $50,000 being held in escrow no later than the tenth day following [*2]the entry of this order on NYSCEF. To the extent Defendant Berger also seeks sanctions and other relief in the motion, it is DENIED without prejudice.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:While it is true that Plaintiff Lewis herself did not sign the escrow agreement, she is bound by it inasmuch as Schubin, her attorney, signed it (see Farr v Newman, 14 NY2d 183, 187 [1964] [principal bound by notice to or knowledge of agent in all matters within scope of agency although in fact information may never actually have been communicated to principal]; Parola v Lido Beach Hotel, Inc., 99 AD2d 465 [2d Dept 1984] [client bound by contract executed by attorney].