OPINION OF THE COURT
Per Curiam.
Final judgment entered October 6, 1983 affirmed, with $25 costs.
Tenant A. T. Kearney, Inc.’s commercial lease of a portion of the 31st floor at premises 437 Madison Avenue, Manhattan, expired on December 31, 1982. On September 21, 1982, Kearney, which had leased other premises at 875 Third Avenue, *38 subject to availability for occupancy, notified landlord in writing that it would relocate “as close to [December 31, 1982] as is possible” and that “we intend to keep you fully informed of progress * * * in construction of our new space”. Landlord did not respond. Rather, on October 6, landlord entered into a lease of both the 31st floor (the premises let to Kearney) and the 30th floor (which had never been demised to Kearney) with a new tenant, First Manhattan Co. The lease with First Manhattan provided that if the commencement of the term was delayed beyond January 1,1983 because of landlord’s inability to deliver all premises demised (the 31st and 30th floors), First Manhattan’s obligation to pay rent would commence three months after the date on which the entire premises had been delivered. Kearney was notified by landlord of the existence of the new lease with First Manhattan on December 20, 1982, 11 days before the expiration of its own lease and over two months after execution of the First Manhattan lease. Landlord, in its letter, acknowledged that it had been previously informed by Kearney of the latter’s intention to hold over beyond December 31,1982, and advised (for the first time) that in the event of such a holdover, it would seek damages not only for use and occupation of the premises demised to Kearney, but also for the rental value of the 30th floor, let to First Manhattan but not previously demised to Kearney.
Kearney held over after the expiration date of its lease, and landlord commenced the instant summary proceeding on or about January 3, 1983. The issues of possession and Kearney’s liability for use and occupancy for the 31st-floor premises demised to it were resolved by stipulation. The sole issue tried was whether Kearney, by holding over on the 31st floor, was liable to landlord for consequential damages, i.e., the fair value of the 30th-floor space — which had been packaged with Kearney’s space in the lease to First Manhattan, with the latter under no duty to pay rent until its entire space was delivered.
Civil Court, in a well-reasoned opinion (120 Misc 2d 944), refused to award such damages. We affirm. A “contract approach” to the measure of damages is the appropriate standard to be applied here (see, Schreiber v Kleban, 63 Misc 2d 628, 630). Under the law of contracts generally, consequential damages which do not arise out of the immediate transaction between the contracting parties, but which stem from losses incurred by the nonbreaching party in its dealings with third parties, are not recoverable unless those damages were reasonably foreseeable *39 by the breaching party at the time of contract (Petroleo Brasileiro, S. A. v Ameropan Oil Corp., 372 F Supp 503; Czarnikow-Rionda Co. v Federal Sugar Refining Co., 255 NY 33). Here, the lengthy and complex commercial lease between landlord and Kearney did not contemplate or provide for damages to landlord in relation to third parties and regarding portions of landlord’s premises not let to Kearney. The lease did not provide for liquidated damages in the event of a holding over or provide for damages other than the usual and customary damages in the event the tenant failed to surrender at the expiration of the term. Thus, there is no cause to depart from the rule which limits the landlord’s remedy in these circumstances to removal of the tenant, incidental damages, and use and occupation (Matter of Jaroslow v Lehigh Val. R. R. Co., 23 NY2d 991, 993). The cases cited by landlord are not to the contrary; the key in each case was that damages were awarded for the rental value only of the premises demised to the tenant, not other premises.
The damages sought by landlord here, posited as they are on landlord’s contractual dealings with a third party (First Manhattan), should not be awarded in the absence of timely notice to Kearney that such damages would be sought as a consequence of Kearney’s breach of its own lease with landlord. There was no such notice here. As found by the trial court, landlord was on notice of Kearney’s intent to hold over by September 21, 1982 and had concluded its new lease with First Manhattan by October 6. It was not until shortly before the expiration of Kearney’s lease, at the end of December 1982, that Kearney was first put on notice that its premises had been relet as part of a package with other premises, and that the incoming tenant’s obligation to pay rent on its premises was contingent upon Kearney’s surrender of its premises.
Dudley, P. J., Riccobono and Sandifer, JJ., concur.