■ PHILIP SCHATTEN, Respondent, v VIDMANTAS K. BRIEDIS, Appellant. (Action No. 1.) LEE BRENTNALL, Respondent, v VIDMANTAS K. BRIEDIS, Appellant. (Action No. 2.)—In related actions for specific performance of a contract to sell real property (action No. 1), and to recover a broker's commission (action No. 2), the defendant in both actions appeals from (1)

an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated July 13, 1988, which, after a nonjury trial, granted specific performance to the plaintiff in action No. 1 and directed him to pay the plaintiff broker in action No. 2, the sum of $11,940, (2) a judgment of the same court, entered August 9, 1988, which is in favor of the plaintiff in action No. 2 and against him in the principal sum of $11,940, (3) a judgment of the same court, entered August 26, 1988, which granted the plaintiff in action No. 1 specific performance, and (4) an order of the same court, dated September 26, 1988, directing a retaxation of costs by the clerk.

Ordered that the appeals from the orders are dismissed as abandoned; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that the respondent in action No. 1 is awarded one bill of costs.

On August 26, 1985, Philip Schatten and Vidmantas Briedis entered into a contract for the sale of Briedis's house. The contract contained a mortgage contingency clause which stated that if the buyer did not obtain a mortgage commitment by September 23, 1985, then either party could declare the contract null and void by serving written notice on the other party.

On October 15, 1985, Schatten received a verbal mortgage commitment from his bank and this information was communicated to Briedis's attorney. On October 16, 1985, Schatten received a written mortgage commitment from his bank, a copy of which was personally delivered to the seller's attorney on the same date. Thereafter, by letter dated and mailed October 16, 1985, Briedis's attorney informed Schatten that he was declaring the contract null and void and returned Schatten's down payment. This letter was received by Schatten's attorney on October 17, 1985.

Schatten commenced action No. 1 against Briedis seeking specific performance of the contract. The real estate broker (Lee Brentnall) commenced a separate action against Briedis seeking payment of his broker's commission (action No. 2). A joint nonjury trial of these two actions was conducted. The trial court found against Briedis and granted Schatten specific performance and the broker payment of his commission.

Upon the foregoing facts, the trial court properly granted specific performance to the buyer. Since the mortgage commitment was obtained and proof thereof delivered to Briedis's attorney before he exercised his option to cancel the contract,

the cancellation was untimely and ineffective *(see, Kramer v Brown,* 131 AD2d 816; *Murray v Armour,* 139 AD2d 708). Since time to obtain the mortgage commitment was not of the essence, the contract remained in effect. Mangano, P. J., Rubin, Rosenblatt and Miller, JJ., concur.