■ HARRIET S. JOSEPH et al., Appellants, v CREEK & PINES, LTD., et al., Respondents. [629 NYS2d 75] —In an action to re-

cover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered May 7, 1993, which, *inter alia*, after a nonjury trial, granted the defendants' motion to dismiss the amended complaint.

Ordered that the order is modified by deleting the provision thereof which granted the branch of the defendants' motion which was to dismiss the breach of contract cause of action, and substituting therefor a provision denying that branch of the defendants' motion and finding for the plaintiffs on the breach of contract cause of action; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for a calculation as to the amount of damages sustained by the plaintiffs.

The Supreme Court did not err in dismissing the fraud cause of action. The evidence indicates that the plaintiffs did not rely on the representations made by the defendants concerning the septic systems but relied only upon the warranties in the contract. Therefore, the plaintiffs failed to establish a prima facie case of fraud (*see, Ruse v Inta-Boro Two-Way Radio Taxi Assocs.*, 166 AD2d 641).

However, contrary to the findings of the Supreme Court, the evidence establishes that the defendants breached the warranty in the contract of sale under which they represented that the septic systems were to be in "good working order" at the time of closing. The evidence clearly establishes that there were septic systems which malfunctioned and caused a contamination of the ground and the ground water.

The defendants argue that the representation regarding the condition of the septic systems was not intended to survive the closing. However, it is well-settled that when interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized (*see, Patrick v Guarniere*, 204 AD2d 702; *Tantleff v Truscelli*, 110 AD2d 240, *affd* 69 NY2d 769). A contract should not be interpreted in such a way as would leave one of its provisions substantially without force or effect (*see, Tantleff v Truscelli, supra*). Applying these principles, the only fair interpretation of the contract is that the parties intended the representation as to the condition of the septic system to survive the closing. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.