■ 1009 SECOND AVENUE ASSOCIATES, Respondent, v NEW YORK CITY OFF-TRACK BETTING CORPORATION, Appellant. [669 NYS2d 540] —Order, Supreme Court, New York County (Louis York, J.), entered October 31, 1996, which, *inter alia*, denied defendant's cross-motion for summary judgment dismissing plaintiff's claims for damages other than use and occupation for the holdover period, unanimously reversed, to the extent appealed from as limited by the briefs, on the law, without costs, and the motion granted.

Pursuant to an agreement dated November 16, 1984, the parties entered into a ten-year lease commencing February 1, 1985 and ending January 31, 1995. Allegedly because of pending litigation involving its new location, defendant Off-Track Betting Corporation (OTB) held over beyond the expiration of the lease term. In a letter dated March 3, 1995, landlord's attorney informed the Corporation Counsel of his client's need to perform renovation work prior to reletting the space and stated that a summary proceeding to recover possession of the premises had been commenced. A second letter dated March 13, 1995 states that "a prospective tenant * * * wants to open for business on September 1, 1995. In order for this tenant to open for business, the tenant will require approximately six months of reconstruction of the building to accommodate its use. This will require my client to have possession of the demised premises immediately." The letter goes on to state, "If your client remains in possession until June 30, 1995, this means that my client could potentially lose a tenant who will be paying my client approximately $500,000 in annual rent." The record contains no further correspondence concerning the prospective tenant, identified in the complaint as Michel Mosallem, and there is no indication that OTB was ever notified that Mosallem had signed a lease for the premises.

The record does not disclose the outcome of the summary proceeding. However, counsel for plaintiff informed Supreme Court at oral argument of the motion that defendant had "moved to remove it to this court after we started this action." In any event, it does not appear that a judgment of possession had been obtained at the time OTB formally surrendered pos-

session of the premises, by hand-delivered letter to plaintiff, on the aforementioned June 30, 1995.

Insofar as pertinent to this appeal, the amended verified complaint alleges, as a first cause of action, that because OTB failed to vacate the premises in a timely manner, plaintiff was prevented from delivering possession of the premises to Michel Mosallem, with the result that plaintiff lost $400,000 in annual rent. In its answer verified August 10, 1995, OTB contends, by way of counterclaim, that sums paid to plaintiff without prejudice on account of the agency's continued possession of the premises exceed the fair market rental value. By notice of motion dated April 1, 1996, plaintiff sought summary judgment and immediate trial on the issue of damages pursuant to CPLR 3212 (c). No proof of the asserted tenancy was submitted with plaintiff's summary judgment motion. Defendant cross-moved for partial summary judgment dismissing the first cause of action for breach of contract, which seeks damages in the amount of $3.5 million, and for an order compelling discovery. In support of its cross motion, defendant's papers state that "OTB sought discovery in November 1995 on, among other matters, the alleged Mosallem transaction". In response, plaintiff submitted a copy of the Mosallem lease with its reply papers. Dated March 15, 1995, the lease provides that plaintiff will deliver possession of the premises by April 1, 1995 for a ten-year term ending March 31, 2005.

It is plaintiff's theory that OTB knew of its immediate need for possession of the demised premises and, therefore, should be held liable for damages resulting from the loss of its lease with Michel Mosallem. Defendant responds that the lease imposes no such liability and, in any event, the consequential damages sought by plaintiff were not within the contemplation of the parties at the time they entered into the lease agreement (November 16, 1984). In the order subject to appeal, Supreme Court denied OTB's cross motion, holding that "even if consequential damages are not foreseeable at the time of the contract, they are recoverable if foreseeable at the time of the holdover."

"Lease interpretation is subject to the same rules of construction as are applicable to other agreements. (*Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 217.) The parties' intention should be determined from the language employed, and where the language is clear and unambiguous, interpretation is a matter of law to be determined solely by the court. (*Hartford Acc. & Ind. Co. v Wesolowski*, 33 NY2d 169, 171-172; *Bethlehem Steel Corp. v Turner Constr. Co.*, 2 NY2d 456.) In such cir-

cumstances resort cannot be had to extrinsic evidence to contradict the express terms of the writing. (*Brainard v New York Cent. R. R. Co.*, 242 NY 125.)" (*Matter of Cale Dev. Co. v Conciliation & Appeals Bd.*, 94 AD2d 229, 234, *affd* 61 NY2d 976.) This approach has been consistently applied by this Court to disputes involving the interpretation of lease provisions (*Matter of Wallace v 600 Partners Co.*, 205 AD2d 202, 205, *affd* 86 NY2d 543; *Louis R. Morandi, P. C. v Charter Mgt. Co.*, 159 AD2d 422, 423).

The action before us seeks to impose liability upon OTB for consequential damages incurred by plaintiff because defendant held over beyond the lease term. Significantly, the lease contains an express provision imposing such liability, but only under circumstances in which plaintiff seeks to demolish the building and only upon three months' notice to OTB to remove from the premises. Two conclusions logically follow from the insertion of this provision into the lease agreement. First, as a rule of construction, the inclusion of consequential damages for holding over under the stated circumstances operates to preclude such damages under circumstances that are not expressly stated. " '[I]nclusio unius est exclusio alterius' " (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assocs.*, 63 NY2d 396, 403-404; *see also, Woodmere Academy v Steinberg*, 41 NY2d 746, 750). Second, the inclusion of a provision for consequential damages reflects their "unusual and extraordinary" nature, requiring them to be "brought within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (*Chapman v Fargo*, 223 NY 32, 36). The provision reflects the parties' expectation that the "usual and customary damages"—removal of the tenant, recovery of use and occupation and incidental damages—is the measure of landlord's recovery (*437 Madison Ave. Assocs. v A. T. Kearney, Inc.*, 127 Misc 2d 37, 39, citing *Matter of Jaroslow v Lehigh Val. R. R. Co.*, 23 NY2d 991, 993; *see,* Real Property Law §§ 220, 232-c; *see also,* RPAPL 741 [5]), except under the specified circumstances (*see, Tuttle v Grant Co.*, 5 AD2d 370 [court should not supply terms that disappointed party might, in retrospect, have inserted into agreement], *revd on other grounds* 6 NY2d 754).

Plaintiff urges this Court to ignore settled law and conclude, as did Supreme Court, that notice of landlord's immediate need for the premises on March 13, 1995 is sufficient to hold defendant liable for loss of the Mosallem lease, signed two days later. For the same reason stated by the Court of Appeals in *Holy Props. v Cole Prods.* (87 NY2d 130, 134), we must decline:

"Parties who engage in transactions based on prevailing law must be able to rely on the stability of such precedents. In business transactions, particularly, the certainty of settled rules is often more important than whether the established rule is better than another or even whether it is the 'correct' rule (*see*, *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 381). This is perhaps true in real property more than any other area of the law, where established precedents are not lightly to be set aside (*Heyert v Orange & Rockland Utils.*, 17 NY2d 352, 360)."

Even if contract law were to be applied to the facts of this case, recovery would nevertheless be unavailable under the rule of *Hadley v Baxendale* (9 Exch 341, 156 Eng Rep 145). As noted in *Kenford Co. v County of Erie* (73 NY2d 312, 319), recoverable damages are limited to " 'liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, *when the contract was made*' " (quoting *Globe Ref. Co. v Landa Cotton Oil Co.*, 190 US 540, 544 [Holmes, J.]; emphasis added). The terms of the subject lease clearly refute plaintiff's assertion that OTB should have expected to be held liable for damages occasioned by holding over, except as specified. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.