■ In the Matter of JOHN E. ANDRUS MEMORIAL HOME et al., Respondents, v BARBARA A. DEBUONO, as Commissioner of the Department of Health of the State of New York, et al., Appellants. [688 NYS2d 687] —In a proceeding pursuant to CPLR article 78 to review determinations of the New York State Department of Health, all dated November 27, 1996, which, after a fair hearing, confirmed a determination of the Westchester County Department of Social Services dated May 3, 1996, that the petitioners were entitled to Medical Assistance coverage with the John E. Andrus Memorial Home as a third-party payor, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), entered

January 15, 1998, which granted the petition and annulled the determinations. The notices of appeal from the order entered December 1, 1997, are deemed to be premature notices of appeal from the order and judgment (one paper) (*see,* CPLR 5520 [c]).

Ordered that the order and judgment is affirmed, with one bill of costs.

At issue on this appeal is the interpretation of certain admission agreements signed by the individual petitioners upon entering the John E. Andrus Memorial Home (hereinafter the Home), a senior residence and health center. The New York State Department of Health, after a fair hearing, determined that pursuant to those agreements, the Home had obligated itself as a third-party payor to which the Department of Social Services could look for reimbursement (*see,* 18 NYCRR 360-7.2). The petitioners commenced this proceeding pursuant to CPLR article 78 to review the determinations. The Supreme Court granted the petition and annulled the determinations.

It is well-settled that when interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized (*see, Joseph v Creek & Pines,* 217 AD2d 534, 535; *Partrick v Guarniere,* 204 AD2d 702). A contract should not be interpreted in such a way as would leave one of its provisions substantially without force or effect (*Joseph v Creek & Pines, supra*).

The Supreme Court correctly found that pursuant to the admission agreements entered into between the Home and the residents, the Home did not contractually obligate itself as a third-party payor under 18 NYCRR 360-7.2. With respect to the admission agreements entered into after 1984, the Commissioner's determinations after a fair hearing failed to reconcile the provision of the admission agreements which stated that the Home would not discharge residents for the inability to pay the monthly charge with the provision which explicitly stated that residents would be discharged for "nonpayment" of the monthly charges. We agree with the Supreme Court that these provisions, when read in the context of the agreement as a whole, contemplated that other sources of payment would be available for residents who were unable to pay because their assets and income were insufficient. The language in the admission agreements that were in effect from 1974 through 1984 which promised residents "freedom from financial worries" did not obligate the Home as a third-party payor.

The appellants' contention that the residents did not have standing to challenge the determinations after the fair hearing is being raised for the first time on appeal and is therefore unpreserved for appellate review. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.