■ EVELYN MOUROUNAS et al., Respondents, v NAJI A. SHA-HIN et al., Appellants, CITY OF NEW YORK, Respondent, et al., Defendant. (And a Third-Party Action.) [737 NYS2d 647] —In an action to recover damages for personal injuries, etc., the defendants Naji Abi Shahin and Noel Hanna appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 18, 2000, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants Naji Abi Shahin and Noel Hanna, and the action against the remaining defendants is severed.

The injured plaintiff slipped and fell on a public sidewalk in front of premises owned by the appellants and leased to a tenant. The plaintiffs alleged that the accident was caused by an improperly maintained sidewalk and the accumulation of snow and ice.

The appellants established their entitlement to summary judgment on the ground that, as abutting landowners, they had no obligation to clear the sidewalk of snow and ice, and by establishing that neither they nor anyone on their behalf shoveled the sidewalk (*see, Roark v Hunting,* 24 NY2d 470, 475; *Stewart v Haleviym,* 186 AD2d 731). They further established that the lease required the tenant to maintain the sidewalk and remove snow. In opposition, the plaintiffs failed to submit proof in evidentiary form sufficient to raise an issue of fact as to whether the injured plaintiff's fall was caused by a defect resulting from a sidewalk repair by the appellants, particularly in light of the injured plaintiff's unequivocal deposition testimony that the condition which caused her to fall was "a lot of snow, pile of snow, hard and icy." Thus, the Supreme Court erred in denying the motion.

The plaintiffs' contention that the tenant was acting on behalf of the defendant landlords when he shoveled the snow in front of his store is improperly raised for the first time on appeal (*see, Gorenstein v Debralaurie Realty Co.,* 280 AD2d 642; *Fresh Pond Rd. Assoc. v Estate of Schacht,* 120 AD2d 561), and in any event, is without support in the record. Ritter, J.P., Smith, Krausman and Townes, JJ., concur.