■ LESAL ASSOCIATES, Respondent, v BOARD OF MANAGERS OF THE DOWNING COURT CONDOMINIUM et al., Appellants. [765 NYS2d 352] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered February 3, 2003, which granted plaintiff's motion for summary judgment in part, declaring that defendants may not allocate residential common expenses to plaintiff and are limited to allocating to plaintiff common charges reflecting plaintiff's use of the common elements of the condominium, and denied defendants' motion for summary judgment on their first and second counterclaims, unanimously affirmed, without costs.

This is a dispute concerning the proper allocation of common charges in a mixed-used condominium. Plaintiff, the sponsor and owner of the professional and commercial units, sought and, in the appealed order, obtained a declaration that it is liable only for charges relating to elements of the building used

primarily by or for those units. Defendants, the condominium board and its members, contend that plaintiff is liable for a full share of all common charges, based on its percentage of the common interests. Each party cites to different bylaw provisions in support of its position.

The motion court, in reaching its determination to declare in plaintiff's favor, correctly interpreted the relevant bylaw provisions. Significantly, only plaintiff's proffered reading of those provisions gave meaning and effect to each of the terms at issue (*see Matter of John E. Andrus Mem. Home v DeBuono*, 260 AD2d 635, 636 [1999], *lv denied* 93 NY2d 813 [1999]), and, contrary to defendants' contention, that reading is not inconsistent with the parties' conduct subsequent to the adoption of the relevant agreements. Although defendants seek to invoke the doctrine of contra proferentum against plaintiff, the doctrine is inapplicable because the bylaws, properly construed as they were by the motion court, are not ambiguous (*see Blandford Land Clearing Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 260 AD2d 86, 93 [1999]).

In light of factual questions as to plaintiff's use of certain common elements, the motion court properly directed a trial to determine the amount of common charges owed by plaintiff, under the proper allocation formula.

We have considered defendants' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.