■ CHARLES GAMMAL et al., Respondents, v LA CASITA MILTA, INC., Appellant. [774 NYS2d 771]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from an amended judgment of the Supreme Court, Kings County (G. Aronin, J.), dated September 18, 2002, which, after a nonjury trial, and upon a decision of the same court dated July 31, 2002, is in favor of the plaintiffs and against it.

Ordered that the amended judgment is affirmed, with costs.

The plaintiff purchasers commenced this action to compel the specific performance of a contract for the sale of real property. The defendant seller asserted that it properly cancelled the contract because the plaintiffs failed to secure a mortgage commitment within the time period set forth in the contract. However, the contract did not provide the defendant with the option of cancelling the contract if the plaintiffs failed to do so (see e.g. Dann v King Assoc., 303 AD2d 539 [2003]; Schatten v Briedis, 163 AD2d 379 [1990]; see also Xhelili v Larstanna, 150 AD2d 560 [1989]). Thus, as the defendant did not make time of the essence as to a closing date prior to its purported cancellation of the contract, such cancellation constituted a breach of the contract (see Bardel v Tsoukas, 303 AD2d 344 [2003]; Kevan v Modesta, 292 AD2d 348 [2002]; Schatten v Briedis, supra). Accordingly, since the plaintiffs demonstrated that they were ready, willing, and able to proceed to closing at the time the defendant purportedly cancelled the contract, they were correctly awarded specific performance of the contract (see Kevan v Modesta, supra; Zev v Merman, 134 AD2d 555 [1987], affd 73 NY2d 781 [1988]).

The defendant's contention that it is entitled to additional compensation is not properly before this Court because it is being raised for the first time on appeal (*see Sandoval v Juodzevich,* 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin,* 291 AD2d 537 [2002]). Nor does the issue fall within the exception to the preservation requirement permitting review of a question of law "which could not have been avoided if raised at the proper juncture" (*Deltoro v Arya,* 305 AD2d 628, 629 [2003]). Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.