■ T.M. Bier & Associates, Inc., Appellant, v John Piraino, Respondent. [790 NYS2d 884]—

In an action, inter alia, to enjoin the defendant from violating the provisions of a restrictive covenant and to recover damages for breach of that covenant, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), dated January 2, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant's motion for summary judgment dismissing the complaint was properly granted. However, we affirm the order for reasons other than those stated by the Supreme Court.

"[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of John E. Andrus Mem. Home v DeBuono*, 260 AD2d 635, 636 [1999]; *see Joseph v Creek & Pines*, 217 AD2d 534, 535 [1995]). "A contract should not be interpreted in such a way as would leave one of its provisions substantially without force or effect" (*Matter of John E. Andrus Mem. Home v DeBuono, supra* at 636). Applying these principles, the defendant made a prima facie showing that he did not breach the terms of the subject restrictive covenant. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.