■ PRABHY JOT SINGH et al., Appellants-Respondents, v E. ATAKHANIAN, Also Known as YOURIK ATAKHANIAN, et al., Respondents-Appellants. [818 NYS2d 524]—

In an action, inter alia, to compel specific performance of an option contract for the sale of real property, and for a judgment declaring that the plaintiffs have a right to purchase the subject premises, the plaintiffs appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Queens County (Risi, J.), dated August 31, 2004, which, among other things, after a nonjury trial, awarded the defendants possession of the subject premises, and the defendants cross-appeal from so much of the same judgment as dismissed so much of their third counterclaim as sought an award of an attorney's fee incurred in the defense of the instant action.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof dismissing so much of the defendants' third counterclaim as sought an award of an attorney's fee incurred in the defense of the instant action and (2) adding thereto a provision declaring that the plaintiffs do not have a right to purchase the subject premises; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendants, so much of the defendants' third counterclaim as sought an award of an attorney's fee incurred in the defense of the instant action is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the amount of the attorney's fee to be awarded for the defense of the instant action.

"An option contract is an agreement to hold an offer open; it confers upon the optionee, for consideration paid, the right to purchase at a later date" (*Ittleson v Barnett*, 304 AD2d 526, 528 [2003]). The optionee must exercise the option strictly in accordance with its terms in the time and manner specified in the option (*id.; see Kaplan v Lippman*, 75 NY2d 320, 325 [1990]). The option provision in the subject lease specifies that "[t]enant shall have the option to purchase the demised premises, provided that Tenant is not then in default under the Lease."

"As this case was tried to the court, without a jury, this Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (*Bubba's Bagels of Wesley Hills, Inc. v Bergstol*, 18 AD3d 411, 412 [2005]; *see Northern Westchester Professional*

*Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]). The evidence adduced at the nonjury trial demonstrated that the plaintiffs were in default at the time they attempted to exercise the option. Therefore, the Supreme Court properly held that the plaintiffs' option to purchase was null and void, and properly awarded possession of the subject premises to the defendants.

However, the Supreme Court erred in dismissing so much of the defendants' third counterclaim as sought an award of an attorney's fee incurred in the defense of the instant action. "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of John E. Andrus Mem. Home v DeBuono,* 260 AD2d 635, 636 [1999]; *see Joseph v Creek & Pines,* 217 AD2d 534, 535 [1995]). "A contract should not be interpreted in such a way as would leave one of its provisions substantially without force or effect" (*Matter of John E. Andrus Mem. Home v DeBuono, supra* at 636).

The court awarded the defendants the sum of $1,500 as an attorney's fee incurred in a separate summary proceeding. The subject lease states clearly that "the prevailing party shall be entitled to payment by the other party of all court costs or fees, reasonable attorneys fees, and all other reasonable costs." However, the court dismissed so much of the defendants' third counterclaim as sought an award of an attorney's fee incurred in the defense of the instant action. As the prevailing party, the defendants were entitled to payment of the attorney's fee incurred by them in the defense of the instant action. Therefore, we remit the matter to the Supreme Court, Queens County, for a hearing to determine the amount of the attorney's fee to be awarded for the defense of the instant action.

We do not consider the plaintiff's remaining contention, as it was raised for the first time on appeal (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.,* 5 AD3d 568, 571 [2004]).

We note that since this is a declaratory judgment action, the Supreme Court should have made a declaration that the plaintiffs do not have a right to purchase the subject premises (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.