JAMES McCABE, Appellant, v RAOUL WITTEVEEN, Respondent. [825 NYS2d 499]—

In an action, inter alia, for specific performance of a contract for the sale of real property, and for a judgment declaring that the contract remained in full force and effect, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 26, 2005, which denied his motion, in effect, for summary judgment on his causes of action for a declaratory judgment and specific performance of the contract.

Ordered that the order is reversed, on the law, with costs, the motion, in effect, for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, among other things, declaring that the contract is in full force and effect and directing the defendant to specifically perform the contract.

The plaintiff, as purchaser, and the defendant, as seller, entered into a contract for the sale of a vacant parcel of land in the proposed Cove Beach Estates subdivision in the Town of Southold, Suffolk County. The sale was made subject to the defendant obtaining final subdivision approval from the Town and the filing of the subdivision map. The plaintiff and the defendant each submitted versions of the contract to the Supreme Court. According to the defendant's version of the contract, either the plaintiff or the defendant could cancel the contract if the subdivision map was not filed within nine months of the contract date. However, both versions of the contract also provided that the plaintiff could extend the time for subdivision map filing.

The subdivision approval process progressed slowly. The nine-month period for filing the subdivision map lapsed. Notwithstanding this, in numerous letters to the defendant's attorney, the plaintiff indicated his eagerness to close the transaction. On May 10, 2004 preliminary subdivision approval was obtained. Sixteen days later, the defendant notified the plaintiff that he was cancelling the contract and returning the down payment. Ultimately, final subdivision approval was received on June 15, 2004 and the subdivision map was filed on July 13, 2004.

Thereafter, the plaintiff commenced this action, inter alia, for a judgment declaring that the contract remained in full force and effect, and for specific performance of the contract. Contending that there were no triable issues of fact as to the parties' rights and obligations under the contract, the plaintiff moved, in effect, for summary judgment on the first two causes of action. The Supreme Court denied the motion, determining that the words "or Sellers" which were added to the subdivision approval paragraph of the contract by the defendant were ambiguous.

Before specific performance of a contract for the sale of real property may be granted, a buyer must demonstrate that he or she was ready, willing, and able to perform under the contract regardless of any alleged anticipatory breach by the defendant (*see Internet Homes, Inc. v Vitulli,* 8 AD3d 438, 439 [2004]; *Johnson v Phelan,* 281 AD2d 394, 395 [2001]). Additionally, " '[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*T.M. Bier & Assoc., Inc. v Piraino,* 16 AD3d 578, 579 [2005], quoting *Matter of John E. Andrus Mem. Home v DeBuono,* 260 AD2d 635, 636 [1999]). " 'A contract

should not be interpreted in such a way as would leave one of its provisions substantially without force or effect' " (*T.M. Bier & Assoc., Inc. v Piraino, supra* at 579, quoting *Matter of John E. Andrus Mem. Home v DeBuono, supra*). "Contract language which is clear and unambiguous must be enforced according to its terms" (*Manzi Homes, Inc. v Mooney,* 29 AD3d 748, 749 [2006], citing *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). The test for determining whether contract language is ambiguous is "whether the agreement on its face is reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul,* 66 NY2d 570, 573 [1986]). Applying these principles, the plaintiff met his initial burden on the motion, and, in effect, the defendant failed to raise a triable issue of fact that, under the circumstances, he had a right to cancel the contract.

Assuming that the defendant had the right to cancel the contract if the subdivision map was not filed within nine months of the date of the contract, this right was not absolute as the defendant contends. It was subject to the plaintiff's accompanying right to extend the nine-month period. This contract language is clear and unambiguous. The defendant's construction of this provision whereby his cancellation right vested once the nine-month period lapsed and could be exercised even if the plaintiff extended the period renders the plaintiff's accompanying extension clause meaningless and without force and effect. This is to be avoided (*see T.M. Bier & Assoc. v Piraino, supra*). The defendant's contention that this clause should not be given effect because it would give the plaintiff the discretion to perpetually extend the nine-month period and hence operate to render his cancellation right meaningless is without merit. First, it is improperly raised for the first time on appeal (*see Gammal v La Casita Milta,* 5 AD3d 630, 631 [2004]; *Sandoval v Juodzevich,* 293 AD2d 595, 595-596 [2002]; *Mourounas v Shahin,* 291 AD2d 537 [2002]). Second, if the subdivision approval process was abandoned or otherwise terminated, the plaintiff's right to extend the contract also necessarily terminated. However, where, as here, the approval process was progressing, albeit slowly, the contract unambiguously gave the plaintiff the option to extend the nine-month period. It was uncontroverted that the plaintiff did just that through his attorney's letters to the defendant's attorney. Accordingly, the defendant had no right to cancel the contract and the plaintiff is entitled to the benefit of his bargain.

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal (*see Gammal v La Casita Milta, supra; Sandoval v Juodzevich, supra; Mourounas v Shahin, supra*).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the contract is in full force and effect and directing the defendant to specifically perform the contract (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Schmidt, Santucci and Lunn, JJ., concur.