■ YONKERS CONTRACTING COMPANY, INC., Respondent, v ROMANO ENTERPRISES OF NEW YORK, INC., Appellant, et al., Defendants, and SEABOARD SURETY COMPANY et al., Respondents. (And Another Title.) [835 NYS2d 363]—

In an action, inter alia, to recover damages for breach of contract, the defendant counterclaim plaintiff Romano Enterprises of New York, Inc., appeals from a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated September 19, 2005, which, upon findings of fact and conclusions of law dated July 29, 2005, made after a nonjury trial, inter alia, is in favor of the plaintiff and against it in the principal sum of $4,943,938 and, in effect, dismissed its counterclaims.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]).

The Supreme Court properly determined that the defendant counterclaim plaintiff Romano Enterprises of New York, Inc. (hereinafter Romano), breached the parties' contract and that the plaintiff counterclaim defendant Yonkers Contracting Company, Inc. (hereinafter Yonkers), did not breach the subject contract. "It is well-settled that when interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of John E. Andrus Mem. Home v DeBuono,* 260 AD2d 635, 636 [1999]). "A contract should not be interpreted in such a way as would leave one of its provisions substantially without force or effect" (*id.*; see *McCabe v Witteveen,* 34 AD3d 652 [2006]; *Singh v Atakhanian,* 31 AD3d 425 [2006]).

The provisions of paragraph 3 of the subject contract must be read in conjunction with those of paragraph 8. A fair interpretation of the contract language clearly supports the Supreme Court's determination that Yonkers did not breach the contract as it was justified in not remitting the monthly management fee to Romano. Thus, the record also supports the conclusion that Romano breached the contract when it abandoned the project.

Romano's remaining contentions are without merit. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.