■ 6243 JERICHO REALTY CORP., Respondent, v AUTOZONE, INC., Appellant. [898 NYS2d 171]—

In an action to recover damages for breach of a commercial lease, the defendant appeals from (1) a decision of the Supreme Court, Suffolk County (Copertino, J.), dated December 22, 2008, made after a nonjury trial, and (2) a judgment of the same court (Jones, Jr., J.), entered April 29, 2009, which, upon the decision, is in favor of the plaintiff and against the defendant in the principal sum of $867,920.55.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In January 2001 the plaintiff, as landlord, and the defendant, as tenant, entered into a "Ground Lease" (hereinafter the lease) for certain premises in the Town of Huntington. According to the terms of the lease, the defendant's "intended use" of the subject premises was the "construction of one of its prototypical

store buildings measuring approximately 6,800 square feet in floor area and related improvements."

Paragraph 29 (A) of the lease provided that the defendant had 210 days to receive all authorizations, permits, variances, and other approvals necessary for the intended use. If by such date the defendant had not received, or was denied or refused, any such approvals "necessary to assure that [its] intended use and development of the Demised Premises will not be physically or financially impaired, as determined in [its] sole discretion," the defendant was permitted to terminate the lease by furnishing written notice.

By letter dated July 11, 2001, the defendant provided written notice that it was terminating the lease, stating that it would be forced to either incur the extra time and expense of seeking a Special Use Permit or reduce the size of the intended prototype to fit within the commercially zoned area of the site. The letter concluded that neither of these options were acceptable to the defendant as they financially impaired its intended use.

The plaintiff commenced this action against the defendant to recover damages for breach of the lease. The parties stipulated to the amount of damages in the event that the plaintiff prevailed. After a nonjury trial, the Supreme Court found that the defendant did not make a good faith effort to explore obtaining the necessary approvals before deciding to exercise its option to terminate the lease and, therefore, that the defendant breached paragraph 29 (A) of the lease.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629 [2007]).

"In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance. This covenant embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002] [citations omitted], quoting *Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). Here, contrary to the defendant's contention, the trial evidence supports the Supreme Court's conclusion that the defendant failed to make a good faith effort to explore obtaining the necessary approvals for the contem-

plated 6,800 square foot building before deciding to exercise its option to terminate the lease (*see generally 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d at 153-154; *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d at 499; *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.*, 40 AD3d 629 [2007]). The evidence showed, inter alia, that the defendant did not attend preliminary meetings with Town officials regarding the subject site, that plans for a 6,800 square foot building were never prepared, that the defendant was never informed that it would not be able to construct the proposed building without variances or special use permits, and that the defendant's employees signed the termination letter without any knowledge that any good faith effort to obtain the necessary approvals was ever made. In addition, the plaintiff's expert prepared a site plan for a building exceeding 6,800 square feet, with a parking area containing more than the number of spaces required by the defendant's prototype, within the commercially zoned portion of the subject site. Accordingly, the Supreme Court properly concluded that the defendant breached paragraph 29 (A) of the lease. Dillon, J.P., Florio, Miller and Austin, JJ., concur.