JEANINE VECERE, Appellant, v ESTATE OF ARNOLD BERLE, Deceased, by NORMAN BERLE, as Administrator, et al., Respondents. [936 NYS2d 248]—

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Estate of Arnold Berle, by Norman Berle, as administrator, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint is denied, and the plaintiff's cross motion for summary judgment on the complaint is granted.

Although the defendant Estate of Arnold Berle, by Norman Berle, as administrator (hereinafter the Estate), moved pursuant to CPLR 3211 (a) (1) and (7), the Supreme Court, in effect,

converted the motion into one for summary judgment pursuant to CPLR 3212 without providing adequate notice pursuant to CPLR 3211 (c). This was error (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *Velez v Captain Luna's Mar.*, 74 AD3d 1191 [2010]; *Garner v China Natural Gas, Inc.*, 71 AD3d 825, 826 [2010]). Thus, this Court will apply, with respect to the Estate's motion, the standards applicable to a motion to dismiss pursuant to CPLR 3211 (a) (1) and (7) (*see Velez v Captain Luna's Mar.*, 74 AD3d at 1191; *Garner v China Natural Gas, Inc.*, 71 AD3d at 826).

Inasmuch as the parties' contract did not demonstrate that the Estate properly canceled the contract according to its terms and, thus, did not " 'conclusively establish[ ] a defense to the asserted claims as a matter of law,' " the Estate was not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (1) (*Ofman v Katz*, 89 AD3d 909, 910 [2011], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Nor was it entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (7), since the complaint adequately pleaded a cause of action alleging breach of contract (*see Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc.*, 77 AD3d 924, 926 [2010]).

Additionally, the plaintiff established her entitlement to judgment as a matter of law on the complaint by demonstrating that the Estate wrongfully canceled a contract for the sale of real property, and retained the plaintiff's down payment. Specifically, the plaintiff demonstrated that, although she failed to obtain a loan commitment letter by the prescribed "Loan Commitment Date," the Estate did not first provide "clear, unequivocal notice" to the plaintiff that time was of the essence and a reasonable time in which to perform before it canceled the contract (*ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 490 [2006] [internal quotation marks omitted]; *see Garnot v LaDue*, 45 AD3d 1080, 1082-1083 [2007]; *Gupta v 211 St. Realty Corp.*, 16 AD3d 309, 311 [2005]; *Schatten v Briedis*, 163 AD2d 379, 380 [1990]; *see also Gammal v La Casita Milta*, 5 AD3d 630 [2004]). In opposition, the defendants failed to raise a triable issue of fact.

Accordingly, the Estate's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint should have been denied, and the plaintiff's cross motion for summary judgment on the complaint should have been granted. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.