■ MINDY SONNENSCHINE, Respondent, v CHANA TAUB et al., Appellants. [970 NYS2d 39]—

In an action, inter alia, for a judgment declaring that the plaintiff holds a 25% membership interest in the defendant Astoria Pines Holding Co., LLC, the defendants appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated May 22, 2012, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, the defendants' cross motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Richmond County, for the entry of a judgment declaring that the plaintiff does not hold a 25% membership interest in the defendant Astoria Pines Holding Co., LLC.

In 1999, the plaintiff and the defendant Chana Taub, who has a 50% membership interest in the defendant Astoria Pines Holding Co., LLC (hereinafter Astoria Pines), entered into an option agreement whereby, in return for the plaintiff's provision of collateral for a loan sought by Astoria Pines, the plaintiff would be entitled, upon a specified triggering event, to acquire one half of Taub's interest in Astoria Pines, representing 25% of the total membership interest in the company. To exercise her option, the plaintiff was required to deliver the agreement to the principal office of Astoria Pines. The agreement provided that the option would terminate at 10:00 a.m. on the 15th day after the triggering event.

In an email message to Taub's husband dated March 2, 2004, the plaintiff's husband requested the transfer to the plaintiff of the 25% membership interest in Astoria Pines, on the ground that the triggering event occurred on December 31, 2003. The request was denied on the ground that the triggering event had yet to occur.

The plaintiff then commenced this action, inter alia, for a judgment declaring that she holds a 25% membership interest in Astoria Pines. She moved, and the defendants cross-moved, for summary judgment.

In support of their cross motion for summary judgment, the defendants established, prima facie, that even if the triggering event did occur on the date claimed by the plaintiff, a date which is contested by the parties, the plaintiff failed to exercise her "option strictly in accordance with its terms in the time and manner specified in the option" (*Singh v Atakhanian*, 31 AD3d 425, 426 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' cross motion for summary judgment. For the same reason, the court should have denied the plaintiff's motion for summary judgment. Since this is an action for a declaratory judgment, we must remit the matter to the Supreme Court, Richmond County, for the entry of a judgment declaring that the plaintiff does not hold a 25% membership interest in the defendant Astoria Pines Holding Co., LLC (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Dickerson, Austin and Roman, JJ., concur.