Sushi Tatsu, LLC v Benaresh (2018 NY Slip Op 04674)





Sushi Tatsu, LLC v Benaresh


2018 NY Slip Op 04674


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


655216/16 6974 6973

[*1]Sushi Tatsu, LLC, Plaintiff-Respondent,
v
Bahram Benaresh, doing business as Bahram Benaresh Realty, Defendant-Appellant.


Sperber Denenberg & Kahan, P.C., New York (Steven B. Sperber of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered August 31, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff tenant's motion for partial summary judgment and declared that plaintiff properly exercised the option to terminate its lease, determined that plaintiff was entitled to recover amounts paid upon execution of the lease, severed the causes of action seeking consequential damages and attorneys' fees and directed an inquest on those claims, dismissed the affirmative defense of failure to comply with a condition precedent, and, sub silentio, denied defendant landlord's cross motion for summary judgment dismissing said causes of action, unanimously modified, on the law, to the extent of vacating the order directing an inquest with respect to the cause of action seeking consequential damages and granting the cross motion for summary judgment dismissing said cause of action, and otherwise affirmed, without costs. Judgment, same court and Justice, entered September 21, 2017, awarding plaintiff the principal sum of $153,000, unanimously affirmed, without costs.
The landlord's inaction in failing to cure the Landmarks violation was the cause of the delay that prevented the tenant from building out the leased premises and therefore justified the tenant's exercise of its option to terminate the lease. The lease acknowledged the existence of a Landmarks violation and expressly imposed on the landlord the obligation to cure it, without any express conditions precedent. It would have improperly negated this express provision to require the tenant, as an implied condition precedent or as an implied duty of good faith, to first file an application for a work permit and then await the objections of the Department of Buildings (see Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 30 [1st Dept 2017]).
The instant circumstance is distinguishable from that in 6243 Jericho Realty Corp. v AutoZone, Inc. (71 AD3d 983 [2d Dept 2010], lv denied 14 NY3d 714 [2010]), upon which the landlord relies. In Jericho Realty, it was held that the implied obligation of good faith imposed on the tenant the duty to obtain necessary approvals before exercising its option to terminate the lease on the ground of the landlord's delay where the lease imposed on the tenant a deadline, and hence the obligation, to obtain the necessary approvals in the first place.
To the extent that the motion court's directing an inquest on consequential damages indicates that it held the landlord liable for such damages, this was error. While the court was justified in searching the record despite the tenant's failure to move for summary judgment on this cause of action until its reply, because the landlord first raised the issue in its cross motion, the tenant was not entitled to consequential damages because the lease did not provide for them [*2](see 1009 Second Ave. Assoc. v New York City Off-Track Betting Corp., 248 AD2d 106, 108 [1st Dept 1998], lv dismissed 92 NY2d 947 [1998]).
We have considered the landlord's other contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK