Condominium Bd. of Mgrs. of Tribeca Summit v 415 PR LLC (2020 NY Slip Op 07312)





Condominium Bd. of Mgrs. of Tribeca Summit v 415 PR LLC


2020 NY Slip Op 07312


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 154751/16 Appeal No. 12573 Case No. 2020-00360 

[*1]Condominium Board of Managers of Tribeca Summit, Plaintiff-Appellant,
v
415 PR LLC, et al., Defendants-Respondents.


Armstrong Teasdale LLP, New York (Howard Schechter of counsel), for appellant.
Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for 415 PR LLC, respondent.
Rothkrug Rothkrug & Spector, LLP, Great Neck (Simon H. Rothkrug of counsel), for Park Right Corporation, respondent.
 
Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 16, 2019, which denied plaintiff's motion for summary judgment and granted defendants' cross motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiff operates the condominium comprised of residential and commercial units in its [*2]building located at 415 Greenwich Street in Manhattan. By deed dated November 8, 2013, defendant 415 PR LLC purchased the commercial garage unit in the building, and shortly thereafter, entered into a lease with defendant Park Right Corporation for the latter's operation of a public parking facility. Plaintiff asserts that this use violates the garage unit's special permit issued by the New York City Planning Commission (CPC) on April 27, 2005, the temporary certificates of occupancy issued by the New York City Department of Buildings (DOB), the condominium declaration and bylaws, and the Condominium Act. We find that, contrary to plaintiff's assertions, the applicable zoning regulations permit defendants' use of the garage unit as a public parking facility.
The parties do not dispute that before 2013, the garage unit was used by the condominium residents as an "accessory" parking facility solely for residential use, not open to the public, under the 2005 CPC permit. On May 8, 2013, the New York City Council adopted the Manhattan Core Text Amendment to the Zoning Resolution (ZR), which, as relevant here, eliminated many of the restrictions on public parking facilities in the "Manhattan Core," where the building is located, permitting garages that formerly were restricted to accessory parking to provide parking spaces to the general public.
Specifically, ZR 13-21 provides that, "All accessory off-street parking spaces may be made available for public use." This section unambiguously applies to accessory parking facilities such as the one owned and operated by defendants, as it permits public use of such garages "developed, enlarged or extended in the Manhattan Core after May 8, 2013" under ZR 13-20. Because ZR 12-10 provides that "developed" includes "the establishment of a new open use, other than an accessory use," defendants' operation commencing in December 2013 constituted "development" (see Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018]).
Although plaintiff urges that the applicable provision is ZR 13-07 (a) (4), nothing in the text of that section precludes defendants' use of the garage unit. Under ZR 13-07 (a) (4), accessory off-street parking facilities licensed by the Department of Consumer Affairs (DCA) before January 1, 2012 may make accessory parking spaces available for public use by filing its permits with the DOB. Here, defendants sought permission from the DOB, and by "no objection letter" dated January 14, 2014, the DOB stated it had no objection to defendants' use of the garage unit as a public parking facility under ZR 13-21. By license dated August 19, 2014 and renewed thereafter, the DCA granted a license to Park Right to operate a 72-space public garage. Thus, to take plaintiff's arguments on their face, either the garage unit was "developed" before May 8, 2013, and the no objection letter from the DOB and DCA license suffice to permit defendants' use under the 2005 CPC permit, or it was developed after May 8, 2013, in which case ZR 13-21 applies.
Given that the motion court properly determined that there is no violation of any provision of the ZR, plaintiff cannot maintain a cause of action for breach of contract arising from defendants' failure to abide section 6.16 of the bylaws, which requires compliance with all applicable laws (see Lesal Assoc. v Board of Mgrs. of Downing Ct. Condominium, 309 AD2d 594, 595 [1st Dept 2003]). Likewise, plaintiff is not entitled to injunctive or declaratory relief precluding defendants from using the garage unit for "any purpose permitted by Law" as permitted by bylaws section 6.14.4 (id.).
Furthermore, plaintiff's bylaws section 6.14.5 states that commercial unit owners have the right to amend the certificate of occupancy to reflect a change in use. Thus, plaintiff's arguments with respect to the DOB's no objection letter cannot be squared with its obligation to allow 415 PR, as owner of the garage unit, to apply for such permission and to execute the required documents "on behalf of the Board," as set forth in the bylaws.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020