COD, LLC v Ljuljdjuraj (2023 NY Slip Op 51305(U))

[*1]

COD, LLC v Ljuljdjuraj

2023 NY Slip Op 51305(U)

Decided on November 30, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 30, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

23-078

COD, LLC, Petitioner-Landlord-Appellant, 
against
Miras Ljuljdjuraj, Respondent-Tenant-Respondent, -and- Suzana Ljuljdjuraj, David Ljuljdjuraj, "John Doe" and "Jane Doe," Respondents-Undertenants.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered May 18, 2023, upon a summary determination pursuant to CPLR 409(b), which dismissed the petition in a holdover summary proceeding.

Per Curiam.
Order (Jack Stoller, J.), entered May 18, 2023, affirmed, with $10 costs.
Following service of a 10-day notice to quit, petitioner commenced this holdover proceeding pursuant to RPAPL 713, upon allegations that respondent has no right to occupy the subject apartment following the termination of his employment as building superintendent. After the parties engaged in motion practice, including respondent's unsuccessful motion for summary judgment, Civil Court indicated its intention to render a summary determination pursuant to CPLR 409(b) and allowed the parties to brief the matter and submit any evidentiary material. Upon the parties' submissions, the Court rendered its determination dismissing the petition, concluding that the governing written lease agreement between the parties entitles respondent to remain in possession for the balance of the five-year lease term. 
We affirm. The Court correctly interpreted the unambiguous lease provisions. While the lease indicated that respondent has use of the premises free of charge as an incident to his employment, it specifically provided for respondent's continued possession as a tenant after the termination of his employment, upon his payment of rent and other charges. Specifically, the lease states that if respondent's employment is terminated and he remains in possession more than ten days thereafter, he is required to pay rent in the amount of $3,000 per month, plus gas and utilities, and one month's security, and the lease further indicates that respondent's rent "shall increase by five percent (5%) on each respective November during the lease term." The lease also provides, that "in the event tenant's employment terminates and tenant fails to pay rent," [*2]landlord may commence an eviction proceeding (emphasis added). As Civil Court concluded, these provisions "cohere as a whole as a five-year lease which draws distinctions as to respondent's liability for rent," i.e. he is not liable for rent while employed and is liable when petitioner does not employ him.
Where, as here, a contract is complete, clear and unambiguous on its face, it must be enforced according to the plain meaning of its terms (see W.W.W. Assoc. v. Giancontieri, 77 NY2d 157 [1990]), and resort cannot be had to extrinsic evidence to contradict the express terms of the lease (see 1009 Second Ave Assoc. v New York City Off-Track Betting Corp., 248 AD2d 106, 107-108 [1998], lv dismissed 92 NY2d 947 [1998]). In the circumstances, the Court properly rendered a summary determination dismissing the petition based upon "the pleadings and papers submitted as if a motion for summary judgment were before it" (Matter of Friends World Coll. v Nicklin, 249 AD2d 393, 394 [1998]; see CPLR 409[b]).
Contrary to petitioner's contention, the prior order denying respondent's motion for summary judgment did not preclude the summary determination procedure utilized by the court. The denial of summary judgment establishes nothing more than that summary judgment is not warranted at the time (see Moser v Devine Real Estate, Inc. (Florida), 42 AD3d 731, 733-734 [2007]),and"is not necessarily res judicata or the law of the case that there is an issue of fact in the case that will be established at the trial" (Armetta v General Motors Corp., 158 AD2d 284, 285 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 30, 2023