■ In the Matter of THOMAS BUTLER, Appellant, v BOARD OF TRUSTEES NEW YORK CITY FIRE DEPARTMENT PENSION FUND et al., Respondents. [936 NYS2d 908]—

It is undisputed that on July 29, 2009, this proceeding was "marked off" the calendar after the petitioner failed to appear at the Supreme Court's calendar call. Contrary to the respondents' contention, CPLR 3404 does not apply to this pre-note of issue proceeding (*see Varricchio v Sterling*, 86 AD3d 535, 536 [2011]; *Mitskevitch v City of New York*, 78 AD3d 1137, 1138 [2010]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 199 [2001]). Furthermore, there was neither a 90-day notice pursuant to CPLR 3216, nor an order dismissing the petition pursuant to 22 NYCRR 202.27 (*see Varricchio v Sterling*, 86 AD3d at 536; *Mitskevitch v City of New York*, 78 AD3d at 1138; *Casavecchia v Mizrahi*, 62 AD3d 741, 742 [2009]; *Burdick v Marcus*, 17 AD3d 388 [2005]). Accordingly, upon reargument, the petitioner's motion to restore the proceeding to active status should have been granted. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.