In an action to recover damages for breach of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated November 3, 2011, as denied those branches of its motion which were for summary judgment on so much of the first cause of action as sought to recover damages for unpaid rent and additional rent, on the issue of liability on the second cause of action, and dismissing the defendant’s affirmative defenses and counterclaim, and granted the defendant’s cross motion for leave to serve an amended answer adding a second counterclaim.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiffs motion which were for summary judgment on so much of the first cause of action as sought to recover damages for unpaid rent and additional rent, on the issue of liability on the second cause of action, and dismissing the defendant’s affirmative defenses and counterclaim are granted, the defendant’s cross motion for leave to serve an amended answer asserting a second counterclaim is *497 denied, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount of reasonable attorneys’ fees to be awarded, if any, and thereafter for the entry of a judgment in favor of the plaintiff and against the defendant in the principal sum of $50,510.64 for unpaid rent and additional rent, and awarding reasonable attorney’s fees, if any.
The plaintiff is the owner of commercial property located in Melville. The defendant was a tenant of this property. The parties entered into a lease, which stated on its cover sheet that it was “made . . . February 2004 . . . for a term of 7 years and one month.” A rider to the lease, however, provided that “the term of this lease shall expire on May 31, 2011.” On March 7, 2011, the defendant returned its key to the premises to the plaintiff by certified mail. The plaintiff responded with a letter acknowledging receipt of the key, but noting that the lease “expires May 31, 2011,” and explaining to the defendant, inter alia, that “we do not accept early surrender of the lease.” The defendant vacated the premises in February 2011, and did not pay rent for March 2011 through May 2011. The plaintiff commenced this action to recover damages for breach of the lease, and thereafter moved for summary judgment on the complaint and dismissing the defendant’s affirmative defenses and counterclaim. The defendant opposed the motion, and cross-moved for leave to amend its answer to assert a second counterclaim for damages it allegedly sustained as a result of a burglary at the property in 2009. The Supreme Court denied the plaintiffs motion because the “[plaintiffs] affidavits are not originally signed”; the court also granted the defendant’s cross motion.
The Supreme Court should not have denied the plaintiff’s motion for summary judgment on the ground that the affidavits submitted in support thereof were not “originally” signed. CPLR 2101, entitled “Form of papers,” specifically states, at subdivision (e) thereof, that “copies, rather than originals, of all papers, including . . . affidavits . . . may be served or filed” (CPLR 2101 [e] [emphasis supplied]). Accordingly, the Supreme Court should have considered the photocopies of the plaintiffs affidavits submitted in support of the motion for summary judgment, and addressed the merits thereof (see Billingy v Blagrove, 84 AD3d 848, 849 [2011]; Campbell v Johnson, 264 AD2d 461, 461 [1999]).
The plaintiff established its prima facie entitlement to judgment as a matter of law on its claim for unpaid rent and additional rent charges, with proof that the lease did not expire until May 31, 2011, and that the defendant failed to pay the *498 rent and charges prescribed under the lease until that date. In opposition, the defendant failed to raise a triable issue of fact. In particular, the defendant did not make a showing that the lease was ambiguous with respect to the termination date thereof (see Fox Paper v Schwarzman, 168 AD2d 604, 605 [1990]), since that date is determined by the terms of the rider, rather than any contrary provision contained or inscribed in the preprinted portion of the lease (see Johnston v MGM Emerald Enters., Inc., 69 AD3d 674, 676-677 [2010]). The plaintiff also established its prima facie entitlement to judgment on the issue of liability on its second cause of action, which sought to recover a reasonable attorney’s fee pursuant to the terms of the lease (see Cier Indus. Co. v Hessen, 136 AD2d 145, 149 [1988]). The defendant failed to raise a triable issue of fact in opposition.
The Supreme Court improvidently exercised its discretion in granting the defendant’s motion for leave to interpose an amended answer so as to assert an additional counterclaim seeking damages allegedly incurred by the defendant as a result of a burglary at the subject premises in 2009. Pursuant to CPLR 3025 (b), leave to amend a pleading should be freely given, “ ‘provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit’ ” (Fusca v A & S Constr., LLC, 84 AD3d 1155, 1157 [2011], quoting Sheila Props., Inc. v A Real Good Plumber, Inc., 59 AD3d 424, 426 [2009]). Pursuant to the terms of the lease, the “[plaintiff] . . . shall not be liable for, and [the defendant] waives all claims for loss or damage to [the defendant’s] business or damage to . . . property sustained by [the defendant] resulting from any accident or occurrence (unless caused by or resulting from the negligence of [the plaintiff] . . . other than accidents or occurrences against which the [defendant] is insured)” (emphasis supplied). In order words, the defendant may only seek to recover for damage or loss to its business from the plaintiff if it can truthfully allege that the plaintiffs negligence caused or contributed to that damage or loss and that the defendant was not insured for that damage or loss. In an affidavit of the defendant’s vice-president, which was submitted in support of the cross motion, he specifically stated that “of course we had insurance [covering the burglary losses] and were reimbursed by our carrier.” This admission, together with the quoted provision of the lease, rendered the defendant’s proposed counterclaim patently devoid of merit, since it was precluded by the lease. Thus, the defendant’s motion for leave to serve an amended answer to assert this counterclaim should have been denied.
The defendant’s remaining contentions, including those ad *499 dressed to the branches of the plaintiffs motion which were for summary judgment dismissing its affirmative defenses and counterclaim, either have been rendered academic in light of our determination or are without merit. Skelos, J.P., Dillon, Leventhal and Sgroi, JJ., concur.