In an action, inter alia, to foreclose a mortgage, the defendant Brett Jones appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated May 22, 2012, which granted the plaintiffs motion to restore the action to the active calendar, and pursuant to CPLR 3025 for leave to amend the complaint so as to assert certain additional causes of action.
Ordered that the order is affirmed, with costs.
The Supreme Court properly granted that branch of the plaintiffs motion which was to restore this action to the active calendar. CPLR 3404 does not apply to this pre-note of issue ac *876 tion (see Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658 [2012]; Matter of Butler v Board of Trustees N.Y. City Fire Dept. Pension Fund, 91 AD3d 867, 868 [2012]; Varricchio v Sterling, 86 AD3d 535, 536 [2011]; Mitskevitch v City of New York, 78 AD3d 1137, 1138 [2010]; Lopez v Imperial Delivery Serv., 282 AD2d 190 [2001]). Further, there was neither a 90-day notice pursuant to CPLR 3216, nor an order dismissing the complaint pursuant to 22 NYCRR 202.27 (see Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17 [2013]; Rakha v Pinnacle Bus Servs., 98 AD3d at 658; Mitskevitch v City of New York, 78 AD3d at 1138).
Moreover, the Supreme Court correctly granted that branch of the plaintiffs motion which was pursuant to CPLR 3025 for leave to amend the complaint so as to assert certain additional causes of action. “Pursuant to CPLR 3025 (b), leave to amend a pleading should be freely given, provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit” (Rechler Equity B-1, LLC v AKR Corp., 98 AD3d 496, 498 [2012] [internal quotation marks omitted]; see Finkelstein v Lincoln Natl. Corp., 107 AD3d 759, 761 [2013]; Spodek v Neiss, 104 AD3d 758, 759 [2013]; Lucido v Mancuso, 49 AD3d 220, 229 [2008]). Here, the proposed amendments were neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendments would prejudice or surprise the appellant. Rivera, J.E, Angiolillo, Hall and Cohen, JJ., concur.