■ GLOBAL LIBERTY INSURANCE COMPANY, Appellant, v W. JOSEPH GORUM, M.D., P.C., as Assignee of Maldotha Conyers, et al., Respondents. [39 NYS3d 193]—

In an action pursuant to Insurance Law § 5106 (c) for a de novo determination of claims for no-fault insurance benefits, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered March 9, 2016, as denied those branches of its motion which were (a) for leave to enter a default judgment against the defendant W. Joseph Gorum, M.D., P.C., as assignee of Maldotha Conyers, and (b) for summary judgment on the complaint insofar as asserted against the defendant Laxmidhar Diwan, M.D., as assignee of Jerry Souffront, declaring that it was not obligated to provide insurance coverage, and dismissing the second counterclaim asserted by that defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant W. Joseph Gorum, M.D., P.C., as assignee of Maldotha Conyers, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a no-fault insurance carrier, commenced this action pursuant to Insurance Law § 5106 (c) for a de novo adjudication of two separate insurance disputes concerning the denial of no-fault claims involving the defendant W. Joseph

Gorum, M.D., P.C., as assignee of Maldotha Conyers, and the defendant Laxmidhar Diwan, M.D., as assignee of Jerry Souffront. Both Gorum and Diwan had been awarded more than $5,000 against the plaintiff as a result of master arbitration awards.

The plaintiff moved, inter alia, for leave to enter a default judgment against Gorum, which failed to answer the complaint or appear in this action. The Supreme Court denied that branch of the plaintiff's motion with respect to Gorum on the basis that the plaintiff failed to submit an affirmation from its expert with an original signature. The plaintiff also moved for summary judgment on the complaint insofar as asserted against Diwan declaring it was not obligated to provide insurance coverage for the services Diwan performed for Souffront, since such services were not medically necessary to treat injuries Souffront sustained in a motor vehicle accident, and for summary judgment dismissing Diwan's second counterclaim, which alleged breach of contract. The court denied those branches of the plaintiff's motion with respect to Diwan, determining that the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law.

On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to file proof of (1) service of the summons and complaint, (2) the facts constituting the claim, and (3) the other party's default (*see* CPLR 3215 [f]; *Liberty County Mut. v Avenue I Med., P.C.*, 129 AD3d 783, 784-785 [2015]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59 [2013]). To demonstrate "the facts constituting the claim," the movant need only submit sufficient proof to enable a court to determine if the claim is viable (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Fried v Jacob Holding, Inc.*, 110 AD3d at 60; *Neuman v Zurich N. Am.*, 36 AD3d 601, 602 [2007]). Here, the Supreme Court found that the plaintiff submitted proof of service of the summons and complaint upon Gorum (*see* Business Corporation Law § 306 [b] [i]; CPLR 3215 [g] [4] [i]) and that Gorum had not answered or appeared in this action, thereby admitting all traversable allegations (*see Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]). However, the court erred in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against Gorum on the basis that its expert's affirmation, in the form of a peer review, did not have an original signature (*see* CPLR 2101 [e]; *Rechler Equity B-1, LLC v AKR Corp.*, 98 AD3d 496, 497 [2012]; *Billingy v Blagrove*, 84 AD3d 848, 849 [2011]; *Campbell v Johnson*, 264 AD2d 461, 461 [1999]).

Further, the plaintiff's expert's affirmed peer review demonstrated facts constituting the cause of action asserted against Gorum (*see Woodson v Mendon Leasing Corp.*, 100 NY2d at 71). Thus, the court should have granted the plaintiff leave to enter a default judgment against Gorum.

However, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Diwan and dismissing Diwan's second counterclaim. The peer review reports and medical records submitted in support of this motion failed to demonstrate as a matter of law that the surgery performed by Diwan on Souffront was not medically necessary (*see Cortland Med. Supply, Inc. v 21st Century Centennial Ins. Co.*, 46 Misc 3d 136[A], 2014 NY Slip Op 51886[U], *1 [App Term, 1st Dept 2014]; *Amherst Med. Supply, LLC v A. Cent. Ins. Co.*, 41 Misc 3d 133[A], 2013 NY Slip Op 51800[U] [App Term, 1st Dept 2013]; *Premier Health Choice Chiropractic, P.C. v Praetorian Ins. Co.*, 41 Misc 3d 133[A], 2013 NY Slip Op 51802[U] [App Term, 1st Dept 2013]; *Total Equip., LLC v Praetorian Ins. Co.*, 34 Misc 3d 141[A], 2012 NY Slip Op 50078[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; *Eastern Star Acupuncture, P.C. v Mercury Ins. Co.*, 26 Misc 3d 142[A], 2010 NY Slip Op 50380[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). In light of the plaintiff's failure to meet its prima facie burden, this Court need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.