Allstate Ins. Co. v Buffalo Neurosurgery Group (2019 NY Slip Op 03749)





Allstate Ins. Co. v Buffalo Neurosurgery Group


2019 NY Slip Op 03749


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-01153
 (Index No. 605379/15)

[*1]Allstate Insurance Company, appellant,
v
Buffalo Neurosurgery Group, etc., respondent.


Peter C. Merani, P.C., New York, NY (Eric M. Wahrburg of counsel), for appellant.



DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), dated December 9, 2016. The order denied the plaintiff's motion for summary judgment on the complaint and, upon searching the record, awarded summary judgment to the defendant.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as, in effect, sought a determination that the amount of no-fault insurance benefits sought by the defendant was not in accordance with the workers' compensation fee schedule, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof searching the record and awarding summary judgment to the defendant; as so modified, the order is affirmed, with costs payable to the plaintiff.
This action pursuant to Insurance Law § 5106(c) arises from a motor vehicle accident that occurred on February 6, 2013. Christopher Krull allegedly was injured in the accident, and he underwent spinal fusion surgery performed by P. Jeffrey Lewis of the defendant, Buffalo Neurosurgery Group. The defendant, as assignee of Krull, submitted a claim to the plaintiff insurer for no-fault insurance benefits for the surgery and related care. The plaintiff denied the claim. The defendant submitted the matter to arbitration. The arbitrator determined that the defendant was entitled to no-fault compensation in the principal sum of $11,352.46, plus interest and attorney's fees. The plaintiff appealed the award to a master arbitrator, who affirmed the award.
On August 19, 2015, the plaintiff commenced this action pursuant to Insurance Law § 5106(c) for a de novo determination of the defendant's claims for no-fault insurance benefits. The plaintiff then moved for summary judgment on the complaint. In an order dated December 9, 2016, the Supreme Court denied the motion and, upon searching the record, awarded summary judgment to the defendant, concluding that the master arbitrator had properly affirmed the award of benefits to the defendant in the principal sum of $11,352.46, plus interest and attorney's fees. The plaintiff appeals.
Insurance Law § 5106(c) permits a de novo adjudication of a no-fault insurance claim where the master arbitrator's award is $5,000 or greater, exclusive of interest and attorney's fees (see 11 NYCRR 65-4.10[h][i][ii]; Matter of Greenberg [Ryder Truck Rental], 70 NY2d 573, 577). Here, [*2]we agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as, in effect, sought a determination that it was not obligated to pay the defendant no-fault benefits relating to Krull's surgery, since the surgery was not medically necessary. The peer review reports submitted in support of that branch of the motion failed to demonstrate, prima facie, that the surgery performed on Krull was not medically necessary (see Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d 768; Amherst Med. Supply, LLC v A. Cent. Ins. Co., 41 Misc 3d 133[A], 2013 NY Slip Op 518000[U] [Sup Ct, App Term, 1st Dept]; cf. AutoOne Ins./Gen. Assur. v Eastern Is. Med. Care, P.C., 136 AD3d 722; Cortland Med. Supply, Inc. v 21st Century Centennial Ins. Co., 46 Misc 3d 136[A], 2014 NY Slip Op 51886[U] [Sup Ct, App Term 1st Dept]). In light of the plaintiff's failure to meet its prima facie burden, we need not consider the sufficiency of the opposing papers on that issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C., 143 AD3d at 770).
We agree with the Supreme Court's determination that the plaintiff established its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment on so much of the complaint, as, in effect, sought a determination that the amount of the benefits sought by the defendant was not in accordance with the workers' compensation fee schedule (see Oleg's Acupuncture, P.C. v Hereford Ins. Co., 58 Misc 3d 151[A], 2018 NY Slip Op 50095[U] [Sup Ct. App Term, 2d Dept]; Compas Med., P.C. v 21st Century Ins. Co., 57 Misc 3d 132[A], 2017 NY Slip Op 51228[U] [Sup Ct. App Term, 2d Dept]; Renelique v Allstate Ins. Co., 57 Misc 3d 126[A], 2017 NY Slip Op 51141[U] [Sup Ct App Term 2d Dept]; Dynasty Med. Care, P.C. v 21st Century Advantage Ins. Co., 55 Misc 3d 141[A], 2017 Slip Op 50597[U] [Sup Ct, App Term, 2d Dept]; Alleviation Med. Servs., P.C. v State Farm Mut. Auto. Ins. Co., 47 Misc 3d 149[A], 2015 NY Slip Op 50778[U] [Sup Ct, App Term, 2d Dept]). Contrary to the court's determination, however, the defendant, in opposition to that prima facie showing, failed to raise a triable issue of fact (see Renelique v Allstate Ins. Co., 57 Misc 3d 126[A]; Dynasty Med. Care, P.C. v 21st Century Advantage Ins. Co., 55 Misc 3d 141[A]). Accordingly, that branch of the plaintiff's motion should have been granted.
Since the defendant's submissions were not sufficient to establish that the arbitrator and the master arbitrator were correct in awarding the defendant no-fault insurance benefits in the principal sum of $11,352.46, the Supreme Court should not have searched the record and awarded summary judgment to the defendant.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court